### AYER v. TERRITORY OF NEW MEXICO.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1912.)

No. 3,654.

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1163\*)—HOMICIDE (§ 340\*)—APPEAL—PRACTICE—ERROR IMPLIES PREJUDICE—HARMLESS ERROR.

The legal presumption is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an erroneous ruling did not prejudice, and could not have prejudiced, the complaining party that the rule that error without prejudice is no ground for reversal is applicable. Facts considered, and *held* to fail to show that the error could not have prejudiced the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. § 1163\*; Homicide, Cent. Dig. §§ 715–720; Dec. Dig. § 340.\*]

2. CRIMINAL LAW (§ 789*)—REASONABLE DOUBT.

A charge that "a reasonable doubt is one for which a reason could be given based on the evidence or want of evidence in the case" destroys the rule of reasonable doubt, substitutes for a reasonable doubt a demonstrable doubt, logically and conclusively sustained by the evidence or the want of it, and places too heavy a burden upon the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1904–1922, 1960, 1967; Dec. Dig. § 789.*]

In Error to the Supreme Court of the Territory of New Mexico.

Carlos Cecil Ayer was convicted of murder in the third degree, and brings error. Reversed.

For opinion in the territorial Supreme Court, see 15 N. M. 581, 113 Pac. 604.

E. W. Dobson and Neill B. Field, both of Albuquerque, N. M., for plaintiff in error.

Frank W. Clancy, of Albuquerque, N. M., for the Territory.

Before SANBORN and CARLAND, Circuit Judges, and WILLIAM M. MUNGER, District Judge.

SANBORN, Circuit Judge. The writ of error in this case questions the judgment of the Supreme Court of New Mexico which affirmed a conviction of the defendant below of the crime of murder in the third degree.

[1] It is assigned as error that the trial court charged the jury that "a reasonable doubt is one for which a reason could be given based on the evidence or want of evidence in the case." Because this instruction destroys the rule of reasonable doubt, substitutes for a reasonable doubt a demonstrable doubt, logically and conclusively sustained by the evidence or the want of it, and places too heavy a burden on the defendant, it is error. A discussion of the question here presented may be found in the opinion of this court in Pettine v. Territory of New Mexico, 201 Fed. 489, 119 C. C. A. ——, which is handed down herewith. In the case at bar the Supreme Court of New Mexico conceded the existence of the error in the charge of the trial court, but declined to reverse the judgment of conviction on the ground that the error was not prejudicial because in its opinion the testimony of the defendant himself excluded the possibility of a reasonable doubt of his guilt. Territory v. Ayer, 15 N. M. 581, 113 Pac. 604, 607. Two of the justices of that court, however, dissented from this conclusion on the ground that the question whether or not a part or all of the evidence overcame the presumption of the defendant's innocence in this case and established his guilt beyond a reasonable doubt was a question for the jury, and not for that court.

The legal presumption is that error produces prejudice, and it is only when it appears so clear as to be beyond doubt that the error challenged did not prejudice, and could not have prejudiced, the complaining party, that the rule that error without prejudice is no ground for reversal is applicable.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The evidence in this case, the fact that upon this evidence the jury acquitted the defendant of the crime of murder in the first degree, for which he was indicted and tried, and found him guilty of murder in the third degree only, and the further fact that two of the five justices of the Supremè Court who heard his case were not convinced that this error in his trial was not prejudicial to him, presents a state of facts which forbids the conclusion that it appears here beyond doubt that, if the jury had been correctly instructed, every juror would have been convinced of the defendant's guilt beyond a reasonable doubt. Under the Constitution of the United States, the defendant had the right to a trial of the question of his guilt or innocence by a jury of his peers without error according to the course of the common law and to an acquittal unless the legal evidence satisfied the jury of his guilt beyond a reasonable doubt. On the review of such a trial the question for an appellate court is not whether the evidence, or a part of it, would satisfy the minds of its members of the guilt of the accused beyond a reasonable doubt, for our system of jurisprudence has not given to the appellate courts jurisdiction of this issue. The determination of this question has been confided exclusively to a jury of the peers of the defendant, and where, as in this case, the evidence is such that different minds may draw different conclusions from it, error of law in the trial entitles the defeated party to a new trial because only so can he have a fair trial by a jury of his peers according to law. A trial dominated, swerved or affected by error of law, is not a trial according to law.

The judgment below must therefore be reversed, and the case must be remanded, with directions to set aside the verdict and grant a new trial, and it is so ordered.