## UNITED STATES v. RADOV et al.
### Nos. 4273, 4331, 4332.

Circuit Court of Appeals, Third Circuit.
Oct. 11, 1930.

S. Y. Rossiter and Kitts & Murphy, all of Erie, Pa., for appellants.

Louis E. Graham, U. S. Atty., of Beaver, Pa., and Raymond D. Evans, Asst. U. S. Atty., of Pittsburgh, Pa.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

Radov, Brown, and Bard, hereinafter called defendants, were charged with others, whose cases are not before us, in an indictment of two counts with illegal possession of intoxicating liquor on May 19, 1929, and with illegal transportation of intoxicating liquor on the same day. On the trial Radov was found guilty of possession and Brown and Bard were found guilty of transportation. They appealed to this court on the ground that the trial judge erred in not allowing the plea of former jeopardy, in admitting telephone slips and telephone directories, and in refusing to direct a verdict because of insufficiency of evidence to sustain the verdict.

The indictment in this case charges that the defendants on May 19, 1929, unlawfully possessed intoxicating liquor, namely, six cases of Old Log Cabin whisky and six cartons of assorted French wines.

As to the question of former jeopardy, it seems necessary to have before us exactly what was said by counsel in opening the case:

"Counsel for defendants also ask leave of Court to enter plea of former jeopardy by reason of the fact that the four defendants now on trial or about to be tried have been tried at this term of Court upon an indictment charging substantially the same offenses.

"Motion denied. Exception noted to defendants.

"Mr. Rossiter: In addition to the motion to quash the second count, if your Honor please, we also submit as to that, that was included in the previous indictment.

"Mr. Richardson: No, it was not. The possession in the previous indictment was on the sixth day of June.

"Mr. Rossiter: Now, if your Honor please, the possession charged in this indictment was on the 19th of May. Now, anything, within the Statute of Limitations, in a previous indictment could have been urged against these men if it was in the possession of the Government. Now, we say that those two counts cannot stand, irrespective of the question of possession or transportation, on this present indictment.

"Mr. Richardson: There has been no conviction, your Honor. The jury is still out.

"Mr. Rossiter: He has been arraigned, he has been placed in jeopardy, the jury has been sworn. The fact that the jury is still out does not give us the privilege of saying autrefois acquit or autrefois convict, but he has been placed in jeopardy . Therefore, if he had possession on the 19th of May, that would have been perfectly competent evidence in a charge of possession on June 6th, and it was offered, as a matter of fact. This very identical evidence that is going to be produced here was offered.

"Motion denied. Exception noted to defendants."

That is all that the record contains as to the former jeopardy. It thus appears that the defendants charged in this indictment with unlawfully possessing intoxicating liquor on May 19, 1929, had been tried at that term of court with possessing intoxicating liquor "on the sixth day of June."

In the first place, the plea is defective. The plea must allege that the former trial was in a court having jurisdiction of the case. This was orally done, but impliedly; the implication being that the trial was in the District Court in which they were then engaged, though it is not expressly stated.

The plea must set forth the substance of the record. This was attempted to be done

in the following oral language that the former trial was "upon an indictment charging substantially the same offenses." Just what was meant by "substantially the same offenses" we do not know. This is a conclusion that may or may not be sound. We do not have the substance of the record in the former case set out as we should. It would appear from the record before us that the offenses were separate and distinct. The one on which the trial had taken place was for possession "on the sixth day of June," and the offense charged in the indictment before us was for possession on May 19, 1919. Counsel for defendants also intimated that the former trial contained a charge of transportation, presumably "on the sixth day of June." Transportation on May 19, 1919, is charged in the second count of the indictment before us. So there is no identity of offenses as is required in order to constitute a plea of former jeopardy. Coleman v. Tennessee, 97 U. S. 509, 24 L. Ed. 1118; Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

■ The evidence shows that the liquor which was subsequently seized in an old Ford car driven by Bard came out of Radov's home, and this was sufficient in connection with the other facts in this case to show possession by him. The evidence further shows that Brown and a boy put this liquor into Radov's Chevrolet car and Brown drove it to the vicinity of his home where the liquor was transferred to a Ford car. Bard got into this Ford car and started to drive it away when he was arrested and the liquor seized. The evidence is positive that the car was moving when Bard was arrested. How far it had gone after Bard got into it is not clear, but the fact and not the distance of the transportation is the material element constituting the crime. So the evidence is sufficient to sustain the verdict of possession by Radov and transportation by Bard and Brown.

■ After Bard's arrest and while he was in the custody of the prohibition officers, several calls were made from a Pittsburgh telephone belonging to Nicholas Suzich to the telephone of Meyer Gold, in Erie, Pa., two defendants not before us in this appeal. The Bell telephone was used in Pittsburgh which connected with the Mutual Telephone Company in Erie. The tickets or slips recording these calls showed that they were made in Pittsburgh over Nicholas Suzich's telephone to Meyer Gold's telephone in Erie and are the original records upon which financial adjustments were made between the two companies and were made in the ordinary and usual course of business transactions between them. Counsel says that their admission in evidence over his objection was error. We think that the admission was in accord with the trend of decisions, and that the court did not err in so doing. Section 1530, vol. III, p. 278 (3d Ed.) Wigmore on Evidence; Reyburn v. Queen City Savings Bank & Trust Company, 171 F. 609 (C. C. A. 3); Northern Pacific Railway Co. v. Keyes, 91 F. 47 (C. C. 8); United States v. Venable Construction Co., 124 F. 267 (C. C. 5); Greene v. United States, 154 F. 401 (C. C. A. 5).

■ Likewise we do not think the court erred in admitting the telephone books of the Bell Company in Pittsburgh and of the Mutual Company in Erie, which were identified by Frank Steen, an experienced telephone man, as books that the companies use in placing calls in the regular conduct and operation of the business of their companies.

It follows that the judgment is affirmed.