66 F.2d 262 (1933)
UNITED STATES
v.
WOODS et al.
No. 448.
Circuit Court of Appeals, Second Circuit.
July 10, 1933.
*263 *264 Harold L. Turk, of Brooklyn, N. Y., for Libero Santaniello.
Phillip F. Seigenfeld, of Brooklyn, N. Y., for Mary Woods, Carmine Bruno and Salvatore Gesoalde.
Howard W. Ameli, U. S. Atty., and Herbert H. Kellogg, Emanuel Bublick, and Murray Kreindler, Asst. U. S. Attys., all of Brooklyn, N. Y., for the United States.
Before MANTON, SWAN, and CHASE, Circuit Judges.
CHASE, Circuit Judge (after stating the facts as above).
The appellants press us to reverse because they say the testimony of Mills is insufficient to sustain the convictions, and this, not because the testimony of an accomplice, even though uncorroborated, will not serve as a matter of law, or that it lacks in breadth or scope to implicate them, but because, as they say, Mills was so unworthy of belief as shown by his confused and contradictory testimony that no court should allow a jury to believe him. That Mills was a drunkard and had elected to save himself as best he could by testifying for the government is certain. It is also true that in respect to times and places he was not always so clear and consistent that the charge that he was in error in some details can be successfully met. But, even so, his testimony leaves one who reads it morally sure that these appellants were all acting in concert with him and others to manufacture and pass counterfeit money. That being so, McGinniss v. United States (C. C. A.) 256 F. 621, upon which the appellants rest their claim to reversal, can be used only as indicating a comparative test on the question of the credibility of an accomplice. General language applied to one witness cannot always, indeed can rarely, furnish the decisive means for determining whether another witness should be believed. With the law well settled that the testimony of an accomplice need not be corroborated to support a conviction, Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; United States v. Mule (C. C. A.) 45 F.(2d) 132, the issue now before us is whether we can and should say that no impartial jury could reasonably have believed Mills. The answer can be found only by reading the record in this case, and from that we can reach no other conclusion than that it was not only reasonable to believe that these appellants were connected with the counterfeiting as Mills testified, but that it would have been a miscarriage of justice had the trial resulted in anything but their conviction.
As to Bruno, moreover, there was corroboration *265 in the testimony of Teale, himself an accomplice to be sure, but his testimony was clear-cut and was unshaken. And as to Mrs. Woods there can be little doubt that she was trying to dispose of the back plate when she was arrested. Yet the conviction of Libero Santaniello and of Gesoalde must stand upon the testimony of Mills alone, aided only by the evidence of officers who saw them frequently visit the Woods house but did not know what they did there.
With the conspiracy thus established, little need be said of the conviction under the second count charging possession of the plate. It was found in the possession of Mrs. Woods, and her possession was that of all. The suggestion that Bruno was only an employee not to be charged with possession in accord with De Gregorio v. United States (C. C. A.) 7 F.(2d) 295, is without substance, for he was clearly a conspirator.
It is said that it was error to permit Mills to testify that Mrs. Woods told him she would have Libero Santaniello get the $150 which Libero gave Mills the next morning, but that was admissible under the well-known principle that what one conspirator says about the scheme while it is being carried out may be shown against all. Martin v. United States (C. C. A.) 17 F.(2d) 973; Silkworth v. United States (C. C. A.) 10 F. (2d) 711.
The charge of the court is attacked, but we find that the court charged carefully and correctly as to conspiracy, pointed out that Mills and Teale claimed to be accomplices, and cautioned the jury concerning their testimony. This is certainly a good practice, though not absolutely essential. Rachmil v. United States (C. C. A.) 288 F. 782. Some requests to charge not made within the time limited by the rule of the Eastern district were refused. This was clearly within the discretion of the court. Kreiner v. United States (C. C. A.) 11 F.(2d) 722; Fabian v. United States (C. C. A.) 15 F.(2d) 696.
The court charged that a reasonable doubt was one for which a reason could be assigned. While we do not approve such a definition, it has in this circuit been held not to be erroneous. Perhaps the discussion which has taken place regarding this point and the divergent view courts have taken [see Pettine v. Territory of New Mexico (C. C. A.) 201 F. 489; Ayer v. Territory of New Mexico (C. C. A.) 201 F. 497; Owens v. United States (C. C. A.) 130 F. 279, where it has been held erroneous: and Griggs v. United States (C. C. A.) 158 F. 572, where the contrary conclusion was reached] has been helpful. We need not further consider the matter.
Affirmed.