## UNITED STATES v. MURASKIN et al.
### No. 84.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1938.

David P. Siegel, of New York City, for appellants.

Walter N. Thayer, 3d, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The appellants were found guilty of complicity with the bankrupt, Schechter, and one, Michaelis, in making away with Schechter's assets on the eve of bankruptcy. The fraud was one of the usual sort: spiriting away part of the bankrupt's stock of women's clothes, and in getting hold of the rest by an execution sale under a fictitious judgment procured by Michaelis against Schechter. Schechter pleaded guilty and turned state's evidence: Michaelis did not appeal. The appellants were two lawyers whom Michaelis had formerly retained in other matters, and whom he recommended to Schechter to take charge of the judgment and execution sale. Schechter and his wife were the mainstay of the prosecution, though they were to some extent corroborated by the marshal of the City Court, who saw Abraham Muraskin at Schechter's shop on the morning of the sale. The chief burden of the appellants' argument is that the verdict was wrong, a question which we cannot consider. Though Schechter, an accomplice, had been the only witness, his testimony would have been enough to convict. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A. 1917F, 502, Ann.Cas.1917B, 1168; United States v. Mule, 2 Cir., 45 F.2d 132; United States v. Woods, 2 Cir., 66 F.2d 262.

They also complain that for several reasons they did not have a fair trial. First, they say that the charge was one-sided and unfair: a wholly unwarranted assertion, for, while it is true that in spots the judge indicated his own views, he always stayed well within his recognized powers; and, as a whole, gave a dispassionate and balanced summing up of the evidence. It must always be remembered that in a criminal case it is seldom possible to do more on the side of the defense than to repeat the defendant's denials. Again, they object that the cross-examination of Schechter was unduly limited: if any criticism is to be made, it is that the judge allowed it to go to too great lengths. The questions put to Michaelis's wife, which were excluded, touched matters which she could only have got at second-hand. All the other assignments were trivial except one. Schechter had testified in the bankruptcy proceedings, where he had told an entirely different story: he was then trying to carry through the original fraud. On his cross-examination in the criminal trial he repudiated this version, and unequivocally admitted that he had perjured himself before. He was then asked what he had told the prosecution at his first interview in the district attorney's office: he answered that he had then repeated the false version; and he added that he thought there had been no stenographer present. Thereupon the appellants' counsel called upon the prosecution to produce "any written statement made by the witness at that time". The district attorney answered that he believed he had in his file "a written statement", but refused to produce it, and the judge sustained him. This is the supposed error. It is not absolutely clear that the parties were speaking about the same statement; indeed it seems improbable they were. The prosecution would scarcely have put Schechter on the stand if they had had nothing in hand but his bankruptcy version and his confirmation of it at the first interview. They must have had some recantation, and presumably that was taken down: it is to be remembered that apparently there had been no record of the first interview. But if we are seriously to suppose that the district attorney was speaking of a record of that interview, it was competent only in further contradiction of what Schechter had just said on the stand; and both his testimony in bankruptcy and his cross-examination as to the substance of the supposititious statement itself had already contradicted that. To these the record could have added nothing of any consequence. Alto v. State, 215 Wis. 141, 253 N.W. 777; State v. Brake, 99 Or. 310, 195 P. 583. If on the other hand the document demanded was the record of a recantation, made later and while the case was being prepared, the defense had no right to it. Assuming that the accused has some privilege to inspect documents in the possession of the prosecution (Asgill v. United States, 4 Cir., 60 F.2d 776, 778; People v. Becker, 210 N.Y. 274, 104 N.E. 396), like a party to a civil action, he must show, at least presumptively, that they are material. He has no privilege to rummage at will through the papers of the prosecution on the chance of turning up something favorable; or to call for them seriatim during the trial for the same purpose.

Judgments affirmed.