### UNITED STATES v. GALLO.
### No. 69.

Circuit Court of Appeals, Second Circuit.
Nov. 10, 1941.

Robert Aronstein, of New York City, for appellant.

Mathias F. Correa, U. S. Atty., of New York City (Peter J. Donoghue and Winston H. Pickett, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant was one of several defendants found guilty by a jury of conspiracy, 18 U.S.C.A. § 88, to defraud the United States of taxes on distilled spirits in connection with the illicit manufacture and disposal of alcohol. His main contention is that the evidence is insufficient to support the verdict. Two co-conspirators, Galdo, who pleaded guilty to the indictment, and Novick, a convicted defendant who took the stand in his own defense, testified against him. Both swore to an interview at Galdo's garage at which the appellant rented the basement for the storage of sugar. This garage was proved to have been used as a "drop" for a nearby illicit still operated by the conspirators. Galdo also testified that he saw the appellant at the garage on several occasions talking with the truck drivers and taking away five-gallon tin cans which may be inferred to have contained alcohol. It is true that Galdo's testimony was at times confused and contradictory; but these defects go only to its weight, and the jury resolved them against the appellant. An appellate court must sustain the verdict if there be substantial evidence to support it. United States v. Manton, 2 Cir., 107 F.2d 834, 839, certiorari denied, 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012. We are satisfied that there was.

It is urged that Galdo's testimony was of a character to require corroboration, which may not properly be found in the testimony of another accomplice. See Arnold v. United States, 10 Cir., 94 F.2d 499, 507. But the rule is firmly established in our circuit that the testimony of an ac-

complice need not be corroborated to support a conviction. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168; United States v. Mule, 2 Cir., 45 F.2d 132, 133; United States v. Woods, 2 Cir., 66 F.2d 262, 264; United States v. Muraskin, 2 Cir., 99 F.2d 815; Wigmore, Evidence, 3rd Ed. § 2056. We cannot say that an impartial jury could not reasonably have believed the testimony of Galdo and Novick.

No error was committed in the cross examination of Novick. On direct this witness had testified that he took the appellant to Galdo's garage at the request of another defendant named Milo; on cross examination counsel asked questions, which the court ruled out, intended to elicit Novick's opinion that the appellant was simply "a messenger" sent by Milo. The following colloquy ensued:

"Mr. Aronstein: I think I am entitled to the same latitude as the District Attorney had.

"The Court: Not at all.

"Mr. Aronstein: He has asked him with respect to the operation of his mind in a dozen instances.

"The Court: Yes—

"Mr. Aronstein: I am asking him as far as he knows.

"The Court: No.

"Mr. Aronstein: I except to your Honor's ruling."

█ It is not now contended that the questions were proper—clearly they were not, for Novick's opinion as to what part Gallo played was irrelevant; but it is urged that the jury may have been prejudiced by the court's statement that appellant's counsel was not entitled to the same latitude of examination as the District Attorney. The contention appears to us too unsubstantial to require discussion; it has been mentioned merely to assure counsel that we have not overlooked it.

█ The final complaint relates to the reception in evidence of records of the telephone company showing calls between a telephone in the appellant's home and telephones registered in the names of Matullo and Thomas Milo, co-defendants who pleaded guilty. Some of the calls were made at about the date when the renting of Galdo's garage occurred, others while the garage was being used as a "drop", and one in December on the day Matullo was arrested. The mere fact that telephone calls were made between the residences of co-defendants, without proof as to the identity of the persons calling or the subject matter of the conversations, may be of very slight probative value, but we think it is not incompetent. Blakeslee v. United States, 1 Cir., 32 F.2d 15, 17; United States v. Radov, 3 Cir., 44 F.2d 155, 157; Brink v. United States, 6 Cir., 60 F.2d 231, 234; Wood v. United States, 5 Cir., 84 F.2d 749, 751; see United States v. Easterday, 2 Cir., 57 F.2d 165, 167, Wigmore, Evid. 3rd Ed. § 1530. The novel suggestion is advanced that use of the telephone company's records of calls is forbidden by the Federal Communications Act, 47 U.S.C.A. § 605, the material portion thereof reading as follows: " * * * and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; * * *."

To hold that recording by the company of the fact of a call between two of its telephones is an unauthorized interception of a communication would require a construction of the statute extending it beyond either its purpose or its words. The statute was not intended to proscribe long-standing, reasonable business practices of communication companies. When a person takes up a telephone he knows that the company will make, or may make, some kind of a record of the event, and he must be deemed to consent to whatever record the business convenience of the company requires. If by any stretch of language the making of such a record could be termed an "interception" of the communication, it is one which the sender has authorized. Hence it is not within the ban of the statute.

Judgment affirmed.