**UNITED STATES v. MORAN et al.**

No. 33.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1945.

Battle, Levy, Fowler & Neaman, of New York City (George Gordon Battle, of New York City, of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant Moran was indicted with two other defendants, Germaine Schnitzer and Gladys Roth, upon an indictment charging conspiracy to defraud the United States and to commit various offenses in violation of section 5(b) of Title 50 U.S. C.A.Appendix, Executive Order 8389, as amended, 12 U.S.C.A. § 95a note, issued pursuant thereto, and § 80, Title 18 U.S. C.A. Germaine Schnitzer, the prime conspirator, pleaded guilty; sentence was deferred and she testified for the government. The other two went to trial and were convicted by the jury with a recommendation of extreme leniency. Miss Moran was fined $2500 and sentenced to imprisonment for one year, but execution of the prison sentence was suspended and she was placed on probation for one day on condition that she resign as a member of the Bar of the state and federal courts. She has appealed on two grounds properly saved at the trial: (1) that the evidence was insufficient to justify submission of the case to the jury or to support the verdict, and (2) that a certain exhibit was erroneously received in evidence. Miss Roth did not appeal.

It would serve no useful purpose to recite in detail the evidence adduced by the government in support of its case. In general the conspiracy charged was concerned with the transfer to Germaine Schnitzer of a bank account of some $40,000 belonging to her brother George and his wife Madeleine, and with unsuccessful efforts to effect a transfer of certain securities of theirs which were on deposit with Bankers Trust Company in an account credited to Credit Suisse of Zurich, Switzerland. George and Madeleine Schnitzer were "nationals" of Belgium or France as defined in Executive Order 8389, as amended, and consequently their property was "frozen" by said Order and could not legally be transferred without a license from the Secretary of the Treasury, which was not obtained. The testimony of Germaine Schnitzer, if credited, amply proved the conspiracy and showed Miss Moran to have been a party to it. She took the stand and testified at length in denial of any guilty participation. Which of these witnesses was to be believed was for the jury to determine. It is futile to contend that we should set the verdict aside on the ground that the testimony of Germaine Schnitzer is wholly incredible. There is nothing in-

herently incredible about it. It is true that the appellant is an attorney of formerly impeccable reputation, and it is also true that when first interviewed by the assistant United States attorney Germaine Schnitzer told a story which did not implicate her co-defendants. It is conceivable, as counsel argues, that her testimony against them may have been wholly fabricated with the hope of obtaining greater leniency for herself if she aided the prosecution in obtaining their conviction. But these considerations did not persuade the jury that her testimony was false, and certainly they present no legal justification for an appellate court to set aside the verdict. See United States v. Quinn, 2 Cir., 124 F.2d 378. The rule is well established that the testimony of an accomplice need not be corroborated to support a conviction. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A. 1917F, 502, Ann.Cas.1917B, 1168; United States v. Gallo, 2 Cir., 123 F.2d 229, 230. Moreover, the record is not wholly barren of corroboration (see exhibits 9, 50, 54); and Miss Roth's testimony contains statements which were quite damaging to the appellant's protestations of innocence. On this record we cannot upset the verdict.

The other error asserted is the admission in evidence of exhibit 54. This is a memorandum* of a telephone conversation had by an employee of the Marine Midland Trust Company with the appellant. It was made in the regular course of the business of the bank by an employee who was not available at the trial as a witness because serving with the armed forces in the South Pacific, and was produced from the bank's records. Over the objection of counsel the memorandum was held admissible by virtue of the business entry statute, 28 U.S.C.A. § 695. The appellant urges that the memorandum in question is not within the statute but is like the engineer's report in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719. We think not. There, as the opinion pointed out, the engineer's report was not a record made for the systematic conduct of the business as a business; its "primary utility is in litigating, not in railroading." In the present case, however, the memorandum is a routine record made for the bank's business as such and with no motivation to prepare for litigation. It was properly received in evidence.

Judgment affirmed.

---

* The memorandum reads as follows:

"I have received a call from Mr. Nelson of the Bookkeeping Department inquiring as to who is the rightful owner of monies on deposit at the present time apparently a question came up creating some doubt. This matter has been up and discussed about a year or so ago and it turned out that it was Mme. Schnitzer's own money. Mme. Schnitzer never comes in the bank and is a hard person to reach. However, I contacted Miss Alice Moran, present William Street depositor and Mme. Schnitzer's attorney. She reaffirms that it is definitely Mme. Schnitzer's own personal money and that no foreign subject owns any part of it.

