ORNDORFF et al. v. COHEN et al.

No. 716.

Municipal Court of Appeals for the District of Columbia.

Dec. 14, 1948.

S. J. Pokrass, of Washington, D. C., for appellants.

Stanley H. Kamerow, of Washington, D. C. (Allan L. Kamerow, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Judge.

Plaintiffs, trading as D. Q. Billingsley Company, sued Phillip Z. Cohen and Bess Cohen, alleged to be trading as Cambridge Restaurant, for the unpaid balance of an open book account resulting from the sale of food products to defendants. Upon **trial** counsel confessed judgment against

Phillip Z. Cohen, and suggested his bankruptcy, but urged that plaintiffs had no cause of action against his wife. The case was tried to a jury and resulted in a directed verdict for Mrs. Cohen. Plaintiffs appeal.

All orders for goods sold were placed by Mr. Cohen. Since no evidence was offered to show that Mrs. Cohen was a co-owner of the restaurant or that she was actually a partner with her husband in the conduct of the business or that he was acting as her agent, the trial resolved itself into efforts by plaintiffs to introduce evidence tending to prove an ostensible partnership between defendants. The trial court sustained objections to much of this evidence and such rulings constitute the principal assignments of error. The correctness of the rulings depends, in part at least, upon the law relating to ostensible partnerships.

■■■ All persons who hold themselves out or knowingly permit others to hold them out as partners become bound as partners to all who deal with them in their apparent relation.[1] This liability is based on the common law principle of estoppel, and all of its elements must be shown to substantiate a claim. When liability as a partner must be predicated, if at all, upon the fact that one has been held out by another as a partner, it must, according to the weight of authority, appear that the person so held out consented in fact to the holding out, or when the fact of the holding out came to his knowledge, negligently failed to assert the nonexistence of the partnership in time to prevent others from relying thereon.[2] The knowledge of an assent to the holding out may be inferred from appropriate circumstances.[3] However, in general such a partnership can not be established by proof of general reputation, and general reputation is, as a rule, inadmissible in evidence to establish the existence of a partnership for the reason that such evidence is mere hearsay.[4]

At the trial of the present case one of plaintiffs, who testified that his duties included those of credit manager, also testified that as a result of a telephone conversation between himself and Mr. Cohen thirty days' credit was extended to Cambridge Restaurant and that the conversation led him to believe that Mr. and Mrs. Cohen operated the restaurant and that he made entries in the accounts receivable ledger while this conversation was in progress.

There was then offered in evidence the ledger page made under such circumstances. It was headed "Cambridge Restaurant (Phillip Z. Cohen and Bess Cohen)" together with a business and residence address. This heading was followed by various entries of debits and credits.

After it was established on cross-examination that the conversation between the witness and Mr. Cohen was out of the presence of Mrs. Cohen, the trial court excluded the ledger sheet on the ground that the information contained therein was based upon hearsay. Plaintiffs assign this ruling as error.

Plaintiffs also sought to establish the ostensible partnership by calling an official of the District of Columbia Unemployment Compensation Board and seeking to show through him that the records of the Board carried Mr. and Mrs. Cohen as operators of the Cambridge Restaurant. Direct evidence regarding the records of the Board as to this business was refused by its representative on the ground that by statute such information was confidential so far as it revealed the employee's or employing unit's identity.[5] Plaintiffs then produced a printed form purporting to have been issued by the Compensation Board bearing the addressographed name and address of "Phillip and Bess Cohen T/A Cambridge Restaurant" and asked the witness various questions regarding the methods and practices of the Board, the result of which, if answered, would have permitted the inference that the contents

[1] 40 Am.Jur., Partnership § 72.
[2] 40 Am.Jur., Partnership § 75; Thompson v. First Nat. Bank, 111 U.S. 529, 48 S.Ct. 689, 28 L.Ed. 507.
[3] 40 Am.Jur., Partnership § 78.
[4] 40 Am.Jur., Partnership § 79.
[5] Code 1940, Supp. VI, 46—313(f).

of the form were compiled from information furnished in signed applications of employers. Objections to this line of questions were sustained by the trial court, and such rulings are also assigned as error.

After the above described evidence was rejected by the court, plaintiffs' counsel announced that in view of these rulings he would not proceed and had no further testimony to offer. Thereafter the trial court directed a verdict for Mrs. Cohen.

■ We hold that the exclusion of the ledger sheet containing the names of Mr. and Mrs. Cohen as operators of the restaurant was error and requires reversal of the judgment. The ledger sheet was clearly admissible under the Federal Shop Book rule, 28 U.S.C.A. § 695 [now § 1732], as a record made in the regular course of business.[6] This statute provides inter alia, "All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility."

The sheet was clearly admissible being relevant independent of its truth. It was offered as proof of a holding out, not to establish the proof of a partnership relation.[7] Admittedly, such evidence alone could not establish the ostensible partnership of the wife. It would tend to establish, however, one of the necessary elements of an ostensible partnership, namely, the holding out by another of her interest in the business in an effort to obtain credit. While it was necessary to go further and establish that such holding out was with her knowledge or consent, the exclusion of the first link prevented the forging of a possible chain of circumstances which might have established the ostensible partnership. We believe the sheet was also admissible as evidence that plaintiffs relied

upon the holding out in extending credit to the restaurant. It is argued that the exclusion of the ledger sheet was at most harmless error since the witness was permitted to testify directly regarding his conversation with Mr. Cohen, but we believe this does not follow. A written record made at the time of a conversation and in the regular course of business obviously may carry more weight with a jury than a repetition of the conversation itself. It is urged further that even had the evidence been admitted plaintiffs did not prove the ostensible partnership because they did not prove or offer to prove that the holding out was with the authority of the wife. Under the circumstances present here, however, we believe plaintiffs were entitled to refuse to proceed on the ground that without the rejected evidence their case was hopeless.

■ Since under our ruling the case will have to be retried, we rule also on the exclusion of evidence relating to the practices and methods of the D. C. Unemployment Compensation Board. We believe such testimony was properly excluded. The statute specifically prohibits the disclosure of information given it by employers, including the identity of the employer, and we believe it would be against the public interest to permit obtaining by indirection what is directly prohibited by statute. Furthermore, there was no offer of evidence that plaintiffs extended credit on the basis of any representations made to the D. C. Unemployment Compensation Board. We have shown that an ostensible partnership can not be established by proof of general reputation, and we believe that the evidence offered here falls in the same category.

Reversed with instructions to award a new trial.

---

6 United States v. Moran, 2 Cir., 151 F.2d 661, 167 A.L.R. 403; Montague v. Dougan, 68 Mich. 98, 35 N.W. 840; see Palmer v. Hoffman, 318 U.S. 109, 63 S. Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719.

7 5 Wigmore, Evidence (3rd ed.) § 1624; 6 Wigmore, Evidence (3rd ed.) § 1766.