657 P.2d 139

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Marshall MASSENGILL, Defendant-Appellant.**

**No. 5782.**

Court of Appeals of New Mexico.

Jan. 4, 1983.

John B. Bigelow, Chief Public Defender, William P. Slattery, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

■ Defendant appeals his conviction of disposing of stolen property, contending that Robinson's preliminary hearing testimony was erroneously admitted at trial. Issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Gonzales,* 96 N.M. 556, 632 P.2d 1194 (Ct.App.1981). We affirm.

Defendant was convicted of selling items to Don Robinson which were stolen from the trailer of Sunny Snite and Lloyd Davis. At trial, the taped preliminary hearing testimony of Don Robinson was admitted over the objection of defendant. Defendant does not question the unavailability of Robinson.

Defendant contends he did not have the same motive to cross-examine Robinson at trial as at the preliminary hearing and, therefore, N.M.R.Evid. 804(b)(1), N.M.S.A. 1978, is inapplicable. Rule 804(b)(1) states:

*(b) Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

*(1) Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination[.]

■ One purpose of the preliminary hearing in New Mexico is to preserve testimony. As was stated in *State v. Garcia,* 79 N.M. 367, 443 P.2d 860 (1968):

The preliminary hearing is to determine whether a crime has been committed, the connection the accused has with it thereby informing him of the nature and character of the crime charged, to *perpetuate testimony,* and to establish bail, if the offense is bailable. *State v. Melendrez,* 49 N.M. 181, 159 P.2d 768 (1945). (Emphasis added.)

*State v. Jackson,* 30 N.M. 309, 233 P. 49 (1924), relying on *Territory v. Ayer,* 15 N.M. 581, 113 P. 604 (1910), *rev'd on other grounds,* 201 F. 497 (8th Cir.1912), held that a defendant's constitutional right of confrontation is not violated by introduction of preliminary hearing testimony at trial where the defendant had the opportunity to cross-examine the witness. In *State v. Holly,* 79 N.M. 516, 445 P.2d 393 (Ct.App.1968), this Court decided on constitutional grounds that preliminary hearing testimony can be introduced at the trial where the witness is unavailable and the defendant had an opportunity to cross-examine and confront the witness at the preliminary hearing. See also *State v. Hibbs,* 82 N.M. 722, 487 P.2d 150 (Ct.App.1971).

■ An accused's Sixth Amendment right to confront witnesses at trial extends to the preliminary examination stage of a criminal prosecution. *Mascarenas v. State,* 80 N.M. 537, 458 P.2d 789 (1969). *State v. James,* 76 N.M. 376, 415 P.2d 350 (1966), states:

The purposes of confrontation are to secure to the accused the right of cross-examination; the right of the accused, the court and the jury to observe the deportment and conduct of the witness while testifying; and the moral effect produced upon the witness by requiring him to testify at the trial.

Due process requires an accused be allowed to call whatever witnesses he desires to call in his own defense at the preliminary hearing. *State v. Armijo,* 72 N.M. 50, 380 P.2d 196 (1963). As stated in *State v. Pigg,* 80 Kan. 481, 103 P. 121 (1909), "Witnesses may die, or leave the state, or become disqualified to testify. Hence the necessity to perpetuate their testimony in form for future use, and the best and most practical way to do this is through a preliminary examination."

■ The Rules of Evidence are also applicable to preliminary examinations. N.M. R.Evid. 1101, N.M.S.A.1978 (1982 Cum. Supp.), does not restrict their applicability to preliminary hearing as does Fed.R.Evid.

1101(d)(3). Witnesses may be cross-examined, and their credibility and character tested. N.M.R.Evid. 607, 608, 611, N.M.S.A. 1978. *See,* 84 A.L.R.3d 811, § 1(b) (1978). Upon request, a record shall be made of the preliminary examination which will be filed with the district court. N.M.R.Crim.P. (Magis.) 15, N.M.S.A.1978 (1981 Repl. Pamph.). Testimony of unavailable witnesses may then be introduced at the trial stage of the criminal prosecution. N.M.R. Evid. 804(b)(1); *State v. Garcia, supra.*

Defendant's contention that he did not have the same motive to cross-examine is without merit. The issue is whether defendant had an opportunity and a similar motive to develop testimony. We hold that he did.

The fact that defendant did not choose to further cross-examine does not go to motive. This was a matter of tactics. The issues involved were whether the crime had been committed and whether the magistrate had probable cause to believe that defendant had committed the crime. *State v. Vallejos,* 93 N.M. 387, 600 P.2d 839 (Ct.

App.1979). Motive as used in the rule, is used in its ordinary sense—"something that prompts a person to act in a certain way". *The Random House Dictionary* (Unabr. ed. 1969). In the instant case, there was a "similar motive"—questioning regarding the commission of a crime and defendant's involvement.

Defendant also argues that the recording of Robinson was largely inaudible and, therefore, incomplete. We do not find this to be the case. Further, this was not raised before the trial court and will not be considered on appeal. N.M.R.Crim.App. 308, N.M.S.A.1978.

*Affirmed.*

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.