This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellant,

v.             **NO. 32,753**

**JOSEPH ANTHONY GARCIA,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Offices of Michael L. Stout
Michael L. Stout
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} This appeal arises from the district court's exclusion of a videotaped deposition of an unavailable witness. Following an initial trial at which a jury found Defendant guilty, the district court granted a new trial on the basis of newly discovered evidence. Although the videotaped deposition had been admitted in the initial trial, the district court declined to again admit that testimony, finding that Defendant "did not have the opportunity to fully confront the witness as to all material issues." The State appeals, arguing that the district court erred in excluding the testimony on the basis of Defendant's inability to cross-examine the witness on the newly discovered evidence. We disagree and affirm the district court's decision.

**BACKGROUND**

{2} Defendant was accused by a grand jury of having abused a resident (physical or great psychological harm) at the Las Cruces Nursing Center (the Center), contrary to NMSA 1978, § 30-47-4 (1990). The charges arose from an alleged attack by Defendant, an employee of the Center, upon a patient, Mr. Villegas. Due to Mr. Villegas's frail health and advanced age, the parties stipulated to taking his video deposition in lieu of live testimony at trial, prior even to the State's provision of discovery to Defendant. When deposed, Mr. Villegas testified that on the night of the

alleged incident, he planned to sleep in his clothes because he was scheduled for dialysis early the next morning, and he wished to save time prior to his appointment. Mr. Villegas claimed that Defendant would not allow him to sleep in his clothes and when Mr. Villegas refused to change into a gown, Defendant started punching him in the head and stomach. Mr. Villegas further testified that he did not want his pants removed, and in an effort to remove his pants, Defendant "t[ore] them." Mr. Villegas specifically stated the pants had pockets, and Defendant "grabbed them and t[ore] them."

{3}     Several months after the deposition, the State produced 792 pages of medical records in discovery, but the pants Mr. Villegas wore at the time of the alleged incident were not located. Following a two day trial, in which the jury viewed the videotaped deposition, Defendant was found guilty of abuse of a resident. Approximately seven months after Defendant's conviction, Defendant sought a new trial on grounds that the Center had discovered the missing pants, along with an additional 268 pages of Mr. Villegas's medical records, and an internal investigation report, conducted by the Center, concluding that Defendant had not abused Mr. Villegas.[1] Defendant informed the court in his motion that the freshly located pants

[1]The State limits its argument to a discussion of the pants and the medical records on the bases that Defendant argued and because "the district court . . . premised its ruling on [only] these two items" of newly discovered evidence. We

3

were discovered in a box in the administrative offices at the Center. At the hearing on Defendant's request, the Interim Director of Nursing at the time of the alleged incident testified that the pants were those worn by Mr. Villegas when he claimed to have been attacked by Defendant. She additionally testified that the pants showed no signs of alteration, ripping, or tearing, aside from a tear at the base of the zipper "where it looked like the zipper caught" the fabric. The district court granted Defendant's request for new trial.[2] Mr. Villegas, however, had by then, passed away.

{4}      Prior to the new trial, Defendant filed an objection to the use of the videotaped deposition at trial, arguing that the video "is an out of court statement that is not admissible." The district court initially denied the objection and determined that the videotape would again be admissible. Defendant sought reconsideration on the basis that its admission would violate Defendant's right to confront Mr. Villegas regarding the newly discovered evidence. In response, the State objected. Over the State's

likewise limit our analysis of the newly discovered evidence as we do not generally review issues unraised in the brief in chief. *See State v. Garcia*, 2013-NMCA-005, ¶ 9, 294 P.3d 1256 (citing *State v. Triggs*, 2012-NMCA-068, ¶¶ 13-14, 281 P.3d 1256 for the proposition that this Court's general rule is to decline to address arguments that were not raised in the brief in chief).

[2]The State appealed the order granting a new trial to this Court. We assigned the appeal to the summary calendar and issued a notice proposing summary affirmance and subsequently filed a memorandum opinion affirming the district court's order granting Defendant a new trial. *State v. Garcia*, No. 30,807, mem. op. at 1-2 (N.M. Ct. App. June 9, 2011) (non-precedential).

objection, the district court excluded the videotaped deposition, concluding that: (1) "Defendant did not have the opportunity to fully confront [Mr. Villegas] as to all material issues during the [videotaped] deposition;" (2) "[a]dmission of the [videotaped] deposition would violate . . . Defendant's right to confront witnesses as guaranteed by the Sixth Amendment to the United States Constitution and Article II[,] Section 14 of the New Mexico Constitution, and would violate . . . Defendant's right to due process." The State appeals this ruling.

**DISCUSSION**

**The District Court Did Not Err in Excluding the Videotaped Deposition from Evidence in the New Trial**

{5}     In its single issue appeal, the State contends that the district court wrongly excluded the videotaped deposition testimony of Mr. Villegas at the second trial because: (1) Defendant stipulated to the videotaped deposition in lieu of live testimony prior to receiving any discovery from the State and did not rely on discovery when conducting the deposition of Mr. Villegas; (2) Defendant stipulated that he had both an opportunity and similar motive to cross-examine Mr. Villegas at the time of the deposition; and (3) Defendant fully and effectively cross-examined Mr. Villegas. Defendant maintains, however, that the district court's exclusion of the videotaped testimony was proper as admission of the videotaped deposition would violate: (1) Defendant's right to "physically confront and cross-examine his accuser"

5

ensured by the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution (Confrontation Clause); (2) Defendant's right to due process as he had no opportunity to inspect or cross-examine Mr. Villegas on the newly discovered evidence; and (3) Rule 11-804(B)(1)(b) NMRA of the New Mexico Rules of Evidence as Defendant did not have "an opportunity and similar motive" to cross-examine the now deceased Mr. Villegas.

{6} Although the State solely appeals the district court's ruling insofar as it excludes the deposition testimony as violative of the Confrontation Clause, Defendant argues that, regardless of the Confrontation Clause, "the district court properly excluded the video deposition of Mr. Villegas because its admission would violate" Rule 11-804(B)(1)(b) (excepting hearsay prohibition, in relevant part, when an unavailable witness has provided former testimony in a lawful deposition and it is now offered against a party who had an opportunity and similar motive to develop it by cross-examination). Despite the expansion of Defendant's argument supporting the exclusion of the deposition beyond merely the Confrontation Clause and Due Process bases here asserted in district court, we have recognized that "[g]enerally, an appellee has no duty to preserve issues for review and may advance any ground for affirmance on appeal." *State v. Todisco*, 2000-NMCA-064, ¶ 11, 129 N.M. 310, 6 P.3d 1032. Furthermore, "it is established law that our appellate courts will affirm a district

6

court's decision if it is right for any reason, as long as the circumstances do not make it unfair to the appellant to affirm." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901. Thus, if the testimony would have been inadmissible as hearsay under the Rules of Evidence, we need not consider issues associated with the Confrontation Clause or the Due Process Clause on appeal. *See State v. Henderson*, 2006-NMCA-059, ¶ 8, 139 N.M. 595, 136 P.3d 1005. Therefore, in the interest of efficiency, we consider the evidentiary admissibility of the videotaped deposition first. "The admissibility of evidence as an exception to the hearsay rule is separate from the objection based on confrontation grounds, and its admission is reviewed for abuse of discretion." *Id.* Admissibility or inadmissibly of evidence under the Rules of Evidence is a matter generally within the discretion of the district court, and we review a district court's ruling for an abuse of discretion. *State v. Downey*, 2008-NMSC-061, ¶ 24, 145 N.M. 232, 195 P.3d 1244.

{7}     Hearsay is "an out-of-court statement offered to prove the truth of the matter asserted, and is inadmissible as substantive evidence unless it falls within an exclusion or exception to the hearsay rule." *State v. Lopez*, 2011-NMSC-035, ¶ 5, 150 N.M. 179, 258 P.3d 458 (internal quotation marks and citation omitted). Rule 11-804 (B)(1) provides for one such exception and governs admissibility of the testimony of an unavailable witness who testifies in a deposition. Due to his death prior to Defendant's

second trial, Mr. Villegas was "unavailable" as required by Rule 11-804(A)(4) (defining unavailability to include death). Rule 11-804(B)(1) thus applies and states in relevant part that "testimony given . . . in a deposition taken in compliance with [the] law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . had an opportunity and *similar motive* to develop the testimony by direct, cross, or redirect examination" is not excluded by the hearsay rule. *Henderson*, 2006-NMCA-059, ¶ 9 (alteration and emphasis omitted). Because Defendant undoubtedly had an opportunity to, and in fact did, cross-examine Mr. Villegas, we look to whether Defendant had a similar motive to develop the testimony in a manner consistent with his retrial defense strategy.

**{8}** "Whether a party had an opportunity and similar motive to develop testimony must be determined on a case-by-case basis." *Lopez*, 2011-NMSC-035, ¶ 6. Although New Mexico appellate courts have often declined to find lack of a similar motive, *see Henderson*, 2006-NMCA-059, ¶ 12; *State v. Massengill*, 1983-NMCA-001, ¶¶ 8-9, 99 N.M. 283, 657 P.2d 139; *Lopez*, 2011-NMSC-035, ¶ 9, our Supreme Court has held that "if the circumstances and facts of a particular case indicate that there was a real difference in motive or other limitation on meaningful cross-examination, the prior testimony should not be admitted." *Henderson*, 2006-NMCA-059, ¶ 11 (alteration, internal quotation marks, and citation omitted) (citing *State v. Gonzales*,

8

1992-NMSC-003, ¶ 18, 113 N.M. 221, 824 P.2d 1023, *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426). *State v. Baca*, 1997-NMSC-045, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783, is illustrative of such a scenario. In *Baca*, our Supreme Court held that where a medical report contradicting a witness's testimony was not available until after the examination of the witness, the motives in developing the testimony "were very different than what they would have been at trial." 1997-NMSC-045, ¶¶ 25-26. It so ruled because prior to the availability of the medical report, which proved to be inconsistent with witness's initial testimony, there was "no reason to question [the witness's] veracity or to probe her claim." *Id.* ¶ 26.

{9}     As was the situation in *Baca*, we conclude that Defendant's motive in cross-examining Mr. Villegas at the deposition, and the development of the testimony elicited on cross-examination, would be strategically distinct following the discovery of the new evidence. After the discovery of the pants and additional medical records, Defendant's questioning of Mr. Villegas would have changed from inquiry into circumstances regarding the assault to a desire to confront Mr. Villegas on an item of evidence, later discovered, in a condition that tended to contradict Mr. Villegas's testimony and thereby exculpate Defendant. Given the nature of the accusation—that Defendant ripped Mr. Villegas's pants while trying to remove them—the fact that the

pants discussed by the parties are instead intact would constitute highly probative evidence that would tend to directly call into question the credibility of the unavailable witness. Additionally, medical evidence previously unavailable to Defendant indicated the possibility that Mr. Villegas may have suffered from some cognitive ailment, which might too have altered the nature and purpose of Defendant's inquiry on cross-examination. Such evidence bears the plain capacity to modify Defendant's motive of cross-examination in a manner that could well affect a jury's determination of guilt or innocence. Under these circumstances, we cannot say that the district court abused its discretion in disallowing the prior testimony during Defendant's second trial.

{10}     While we recognize that the Supreme Court in *Baca* supported its holding by illustrating the differences between a grand jury hearing, at issue there, and a trial such as that at issue here, 1997-NMSC-045, ¶ 27, we do not view this distinction to preclude our holding today. Rather, *Baca* did not meaningfully analyze whether limitations to a defendant's cross-examination were self-imposed as a matter of tactical choice, or whether the cross-examination was deficient due to a changed motive. *See Massengill*, 1983-NMCA-001, ¶ 9; *Gonzales*, 1992-NMSC-003, ¶ 20. Here, Defendant's cross-examination did not inquire into the condition of the pants or the contents of the medical records, not because of a tactical and deliberate decision

10

by the defense, but as a direct consequence of the unavailability of these items. It was through no fault of Defendant's that this testimony was not further developed. *See Gonzales*, 1992-NMSC-003, ¶ 20 (determining that testimony was admissible under a hearsay exception due to the tactical choices made by the defendant, which were "of his own volition").

**CONCLUSION**

{11}    As we have affirmed the district court's decision on the basis of Rule 11-804(B)(1), we need not address the constitutional issue under the Confrontation Clause, *see Henderson*, 2006-NMCA-059, ¶ 8 (stating that if hearsay testimony is improperly admitted, we are not required to decide a Confrontation Clause issue), nor will we address the remaining Due Process argument as it was not addressed within the State's brief in chief. *See Garcia*, 2013-NMCA-005, ¶ 9 (declining to address an argument that the appellant failed to raise in the brief in chief). We note that Defendant raised the basis for our right for any reason review plainly in his answer brief, and the State chose not to address the argument in its reply brief. Therefore, we determine that our affirmance of the district court's ruling under the right for any reason doctrine is not unfair to the State. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828. For the foregoing reasons, we affirm.

{12}    **IT IS SO ORDERED.**

11

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**