378

## UNITED STATES v. QUINN.
### No. 114.

Circuit Court of Appeals, Second Circuit.

Dec. 22, 1941.

Charles T. Murphy, of White Plains, N. Y., for appellant.

Mathias F. Correa, U. S. Atty., of New York City (Richard J. Burke and Clayton D. Hollinger, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The appellant was indicted with a large number of other defendants upon a charge of conspiracy, 18 U.S.C.A. § 88, to defraud the United States of taxes through the operation of illicit stills. A former trial resulted in a disagreement of the jury as to the guilt of the present appellant. Upon the trial now under review the jury found him guilty, with a recommendation of clemency. He was sentenced to imprison-ment for one year and a day, but execution of the sentence was suspended and he was placed on probation for the period of one year.

■ This appeal presents the tragic story of a trooper of the New York State Police, who had a splendid service record for conspicuous bravery but was unable to resist the lure of "easy money" offered by a gang of bootleggers operating in counties where he was assigned to duty to patrol the highways. To connect him with the bootleggers' conspiracy the Government presented evidence tending to prove that he was on their payroll to give them "protection". The three principal conspirators testified to this effect, and the verdict can only mean that the jury gave credence to them. The appellant urges that the verdict should not be permitted to stand because it is based on the testimony of criminals, who were impelled by motives of self-interest and of revenge to testify falsely, and whose story that Quinn aided them is contradicted by the undisputed fact that he raided their still and arrested their workmen. But whether his testimony or theirs was true presented a question for the jury. This court has often declared the rule that corroboration of an accomplice is not required to support a conviction. United States v. Gallo, 2 Cir., 123 F.2d 229 and cases there cited. Besides, there was corroboration in the testimony of Rosenblatt as to the meeting at the Park Restaurant where Quinn was paid $125 by Elfenbein, according to the latter's testimony. Moreover, Quinn's reports (exhibits 17 and 18) of the raid he conducted at the Walters Farm are damaging to him because they fail to mention that the two men he arrested at Mrs. Green's boarding house admitted their connection with the still. His explanation that he did not think it important to mention the admission in his report but that he told the federal agents about it, may not have satisfied the jury; particularly, since agent Lengyel denies that he was told. From the foregoing brief references to the evidence it must be clear that a jury question was presented and that this court cannot upset the verdict.

■ Nor was any error committed in the course of the trial which would justify reversal. Only two matters are complained of: the restriction of Lengyel's cross examination and the admission of exhibit 16A. The former was within the trial

court's discretion and we find no abuse of it. Harvey v. United States, 2 Cir., 23 F.2d 561, 567. We think that exhibit 16A was properly admitted in view of the effort made in cross examination to show that the federal officers were at fault in not giving full information to the district attorney. Vause v. United States, 2 Cir., 53 F.2d 346, 352. But in any event it added nothing to exhibits 17 and 18.

Judgment affirmed.