## UNITED STATES v. MINUSE et al.
### No. 223.

Circuit Court of Appeals, Second Circuit.
April 20, 1944.

Stanley Ide LaCov, of New York City, for appellant Minuse.

John Kadel, of New York City, for appellant Pelletier.

James B. M. McNally, U. S. Atty., of New York City (Harold J. McAuley, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellants, Norman W. Minuse and Joseph E. Pelletier, under the name of N. W. Minuse & Company, traded upon the New York Curb Exchange in Tastyeast class A stock. In 1935 they obtained an option from one Levy on 73,000 shares of the stock and thereafter by means of "wash sales", "matched sales" and "dummy" accounts they manipulated and inflated the price of the stock above the prices stated in their option so that they could unload the stock upon the public. They were indicted for conspiracy to violate section 9 (a) (1) and (2) of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78i(a) (1) and (2). In January 1940 they were convicted and sentenced, but the judgment was reversed on appeal and the cause was remanded for retrial. United States v. Minuse, 2 Cir., 114 F.2d 36. Upon the retrial they were again convicted and have again appealed, assigning numerous errors in the conduct of the trial. It is unnecessary to summarize the evidence as there is no contention that it was insufficient to be submitted to the jury.

■■ The appellants first contend that they were unduly limited in the cross-examination of government witnesses. On repeated occasions the trial judge ruled that questions propounded on cross-examination were not germane to the matters to which the witness had testified on direct, and informed counsel that at the proper time the evidence he was trying to bring out could be presented. In each instance the exclusion was in accord with the familiar rule which limits cross-examination to the subject matter of the examination in chief. Although the strict application of this rule is not always to be commended, this is a matter within the trial court's discretion. Harvey v. United States, 2 Cir., 23 F.2d 561, 567; United States v. Quinn, 2 Cir., 124 F.2d 378. Discretion was not abused in the case at bar.

■ No exceptions were taken to the court's charge to the jury but it is urged that error was committed in the refusal of four requested charges. One of the requests was to the effect that if the evidence was equally consistent with innocence as with guilt, the jury should acquit. The point is wholly without merit. The court charged the equivalent in saying that to warrant a conviction on circumstantial evidence the proven facts must clearly and satisfactorily exclude every other reasonable hypothesis save that of guilt. He also charged that the defendants are presumed to be innocent until proven guilty and repeatedly emphasized that the proof must satisfy the jury beyond a reasonable doubt.

■ Another request was for a charge that no conviction can be had unless the defendants "conspired to willfuly violate any of the provisions of the law herein involved." It is true that the violation must be wilful, 15 U.S.C.A. § 78ff, but the jury could have been left in no doubt on that score for it was told that the case comes down to a question of "good intent or evil intent"; and that for commission of the crime they must "believe that the defendants entered into an agreement for the manipulation of the stock—that is, an evil intentional manipulation of the stock where the public would be affected and believe this stock would really rise in price, * * *"

■ The other two requests incorporated respectively section 9(a) (6) and section 9(c) of the Act, and asked that the jury be instructed that they might take into consideration the fact that the Securities and Exchange Commission did not prescribe any rules or regulations in connection with these sections until dates subsequent to cessation of the defendants' activities. The defendants were charged only with violating section 9(a) (1) and (2). The instructions with respect to those sections went unchallenged. To have read to the jury these other sections of the statute and to have charged concerning the absence of regulations in connection with them, would only have complicated the issues and confused the jury. There was no error in refusing the requests to charge. Nor do we find any error in the charge given with respect to the meaning of the words "manipulation" and "stabilization" as to which the jury requested definitions.

■■ The appellants argue that sections 9 and 32 of the Act, 15 U.S.C.A. § 78i and § 78ff, constitute an invalid delegation of power to the Securities and Exchange Commission to make rules and regulations, the violation of which can be punished as a crime. As to this it will suffice to say that the appellants were not charged with having violated any rule or regulation, so that they have no standing

to raise the question of invalid delegation. Cf. United States v. McDermott, 7 Cir., 131 F.2d 313, certiorari denied 318 U.S. 765, 63 S.Ct. 664, 87 L.Ed. 1137; Charles Hughes & Co. v. Securities and Exchange Commission, 2 Cir., 139 F.2d 434. It is urged also that the sections under which the appellants were convicted are too vague, indefinite and uncertain in meaning to be valid as a criminal statute. This court has already overruled a similar contention with respect to section 9(a) (2). See Wright v. Securities and Exchange Commission, 2 Cir., 112 F.2d 89, 94. We are of opinion that section 9(a) (1) also sufficiently defines the conduct it declares unlawful.

 Over objection the prosecution was allowed to offer testimony of a few witnesses concerning losses they sustained in trading in Tastyeast stock during the period of the appellants' market operations. Before charging the jury the judge informed counsel in chambers that he was going to strike from the record the testimony relevant to profit and loss of any customer on the ground that it was immaterial to the issues, and thereafter, in open court, he told the jury that he had "stricken out that part of the testimony of customers making profits," and "that is not to be considered by you." The failure to mention losses as well as profits was obviously an inadvertence which would have been corrected had it been called to the judge's attention. Admission of the testimony was plainly erroneous. Whether the appellants' manipulative practices caused profit or loss to anyone trading in Tastyeast stock was irrelevant to the crime with which they were charged. Therefore it was wholly unwarranted to bring in testimony of losses; such testimony could only confuse the issues and might unfairly influence the jury. In a case of this character there is much less excuse for parading "victims" than in mail fraud cases, where proof of the worthlessness of the stocks sold to the public may have some tendency to prove the fraud charged against the defendants. Even in mail frauds we have said that the use of "victim" testimony may easily be abused and must not be carried to extremes in order to work upon the sympathy of the jury. United States v. Brown, 2 Cir., 79 F.2d 321, 324, certiorari denied 296 U.S. 650, 56 S.Ct. 309, 80 L.Ed. 462. Although we deprecate the conduct of the prosecution in producing victim testimony in the case

at bar, we do not think the error sufficient to justify reversal in view of the court's effort to strike it out. It seems probable that the jury would have understood that testimony regarding losses as well as profits was stricken, as counsel themselves evidently did since they failed to ask for a correction of the inadvertence. Moreover, the testimony of losses was not of a character to inflame the jury. One witness, Hecht, did not tell how much he lost. His loss must have been small as he bought but 100 shares. Steinecke lost only $160. Another witness, Thurberg, testified his loss was over $500. The guilt of the appellants was so clearly proved that we do not think the jury's verdict could have been influenced by the testimony of these losses.

 Finally, the appellants urge that the sentences imposed were unduly harsh. Minuse was given a term of fifteen months and Pelletier a term of one year and one day. Even if we thought the sentence too severe, which we do not, we could not review it. Hodgkins v. United States, 2 Cir., 279 F. 85, 94; United States v. Steinberg, 2 Cir., 62 F.2d 77, 78, certiorari denied 289 U.S. 729, 53 S.Ct. 526, 77 L.Ed. 1478.

Judgment affirmed.