**ROLLINGER v. UNITED STATES.**
**No. 14846.**

United States Court of Appeals
Eighth Circuit.

Nov. 25, 1953.

**110**

Don C. Swanson, Des Moines, Iowa, for appellant.

Robert J. Spayde, Asst. U. S. Atty., Oskaloosa, Iowa (Roy L. Stephenson, U. S. Atty., Des Moines, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

GARDNER, Chief Judge.

Appellant was indicted, tried and convicted of the crime of attempting to defeat and evade a large part of the income tax due and owing by him to the United States for the calendar year 1948 by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of Iowa, at Des Moines, Iowa, a false and fraudulent income tax return in violation of Section 145(b), Title 26, United States Code.

Prior to the time of the transactions here involved appellant was engaged in the raising of hogs and chickens at or near LeMars, Iowa. We shall refer to the appellant as defendant. The income which it is claimed defendant received had no connection with his business as a producer of hogs and chickens but is alleged to have been realized by him as the result of various transactions involving the purchase and attempted sale of diamonds or zircons. It is claimed that defendant, acting as the purported agent or broker for one Mrs. Clara B. Mieras, purchased for and delivered to her various diamonds and zircons during the calendar year 1948 and that during said time in connection with these transactions she paid him large sums of money, either for the alleged purpose of purchasing diamonds or for travel and maintenance expenses, or for "protection" in questionable transactions in procuring the diamonds; that there resulted from the various transactions profit or income to the defendant in an amount exceeding $16,000.00.

It was the claim of the defendant that while he had received the money, it was not taxable income, but that he was indebted to Mrs. Mieras for the entire amount. It was also the claim of the defendant that if from the transactions involved income had been realized by him, that he in good faith believed he was indebted for the entire amount and that he acted in good faith in omitting the amount so received by him from his income tax return; that he had taken and followed advice of counsel on the matter and hence had not wilfully attempted to defeat and evade any part of the income tax due by him for the calendar year 1948.

At the close of the government's testimony, and again at the close of all the testimony, defendant interposed a motion for judgment of acquittal, which motions were denied and the cause was submitted to the jury on instructions to which no objections or exceptions were saved. The jury returned a verdict of guilty and from the judgment and

sentence entered pursuant to this verdict defendant prosecutes this appeal. The sole alleged error relied upon is the denial of his motions for judgment of acquittal. He contends that these motions should have been sustained because (1) he had no taxable income for the year 1948; (2) the evidence was insufficient to prove that he acted wilfully and knowingly in failing to report the income charged to have been realized by him during the calendar year 1948; (3) the evidence was as consistent with his innocence as with his guilt and hence his motions for judgment of acquittal should have been granted.

In considering the question of the sufficiency of the evidence to sustain the verdict we must consider the evidence in a light most favorable to the prevailing party. It is not our province to weigh the evidence nor to consider or attempt to pass upon the question of the credibility of the witnesses. These are all questions for the jury and we must assume in the instant case that all conflicts in the evidence have been resolved by the jury in favor of the government. Hanson v. United States, 8 Cir., 186 F. 2d 61; Finnegan v. United States, 8 Cir., 204 F.2d 105. If when so considered there is substantial evidence tending to prove the guilt of the defendant beyond a reasonable doubt then the verdict of guilty should be sustained.

It is first argued that there was no substantial evidence that defendant realized taxable income during the calendar year of 1948. We shall first consider the testimony of Howard E. Anderson who testified that on September 18, 1949, he had a conversation with defendant, in the course of which defendant in substance said that he made six trips to Chicago to pick up diamonds for a lady in LeMars but that he actually bought zircons; that she gave him sums of money but that the zircons did not cost him what she gave him; that he had taken $18,000.00 from her; and that "What I did was wrong, but she had larceny in her heart, too." The defendant having taken the witness stand in his own behalf testified on cross-examination that "I did state to Mr. Anderson that I was purchasing zircons and selling them to Mrs. Mieras as diamonds. I told Mr. Anderson that I purchased zircons and sold them to Mrs. Mieras as genuine diamonds for $18,000.00." This testimony in itself shows that defendant on the diamond transactions realized a profit. In addition it is established by defendant's own testimony that he purchased diamonds and sold them to Mrs. Mieras at a substantial profit which of course resulted in income and was not reported by him as such. The exact amount of the income is not of the utmost importance and the government was not required to establish the amount with exactness so long as the proof showed that the income omitted was substantial. As said by us in Leeby v. United States, 8 Cir., 192 F.2d 331, 334:

> "It must be borne in mind that this was not an action to recover the amount of income taxes alleged to be due, nor an action in which it was necessary to determine the exact amount of defendant's income for the years in question. On this phase of the case all that it was necessary to show was that there was omitted from the reported income a substantial amount."

There were no purchases or sales of diamonds after July, 1948, but Mrs. Mieras nevertheless paid defendant some $4,300.00 thereafter. The basis for these payments is explained by Mrs. Mieras as follows:

> "These payments after July were made on threats by Mr. Rollinger and for protection by this attorney. He had thrown a scare into me.
>
> "He told me the F. B. I. was checking me and I had to pay protection money to protect other people. By hot stones he meant stolen stones. I was frightened by Mr. Rollinger's statement and this was the reason I advanced money to him after July, 1948."

Defendant told Mrs. Mieras that it was claimed that the diamonds which she had

acquired had been stolen and that the matter of their theft was being investigated by the F. B. I. who were demanding pay-offs, bribes or "hush money". He also claimed that she was implicated and he needed protection money to pay the house detective, the F. B. I. agents and also attorney fees. The details of the means and methods employed by defendant to extort money from Mrs. Mieras through false and fraudulent claims and representations need not be further recited. Defendant contends that although he may have received large sums of money as the result of these fraudulent threats and misrepresentations, the funds so acquired by him were in the nature of embezzled funds. He relies strongly upon the case of Commissioner v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752. In that case it was stipulated that the funds were in fact embezzled. The funds here were acquired either as profits on sales or as funds acquired by fraud, misrepresentation or extortion. In 29 C.J.S., Embezzlement, § 1, at page 671, the distinction is defined as follows:

"Embezzlement differs from swindling or obtaining money by false pretenses in that in embezzlement the property is fraudulently appropriated by the person to whom it had been intrusted, whereas in swindling the property is wrongfully acquired in the first instance by means of some false pretense or device."

When acquired by means of fraudulent representations and swindling, as the jury manifestly found, the funds must be considered as income for taxation purposes. As said by the Supreme Court in Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 575, 96 L.Ed. 833:

"An unlawful gain, as well as a lawful one, constitutes taxable income when its recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it. Burnet v. Wells, 289 U.S. 670, 678, 53 S.Ct. 761, 764, 77 L.Ed. 1439; Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337, 74 L.Ed. 916. That occurs when cash, as here, is delivered by its owner to the taxpayer in a manner which allows the recipient freedom to dispose of it at will, even though it may have been obtained by fraud and his freedom to use it may be assailable by someone with a better title to it."

Hence, ill gotten gains constitute income for taxation purposes. On this phase of the case we conclude that there was substantial evidence to warrant the jury in believing that defendant during the year in question realized taxable income.

It is next contended that even though defendant realized taxable income the evidence is insufficient to show that in making his income tax return he wilfully and knowingly attempted to defeat and evade his income tax. He testified that he had consulted his attorney but he told his attorney that he owed Mrs. Mieras for the funds which she had advanced him and that she held his notes therefor. Viewing the evidence in a light most favorable to the government this representation was not true as Mrs. Mieras testified that she had not taken and did not hold his notes for all of these funds and her testimony is corroborated by the government auditors who examined her books. It is noted that the attorney was not called as a witness and it is also to be observed that the attorney whom he consulted did not prepare his return and he did not disclose to the tax service which prepared his return his transactions with Mrs. Mieras. The question of his wilfullness was properly presented to the jury by instructions of the court and the facts and surrounding circumstances abundantly sustain the jury's verdict in this regard. Referring to a similar contention in Rutkin v. United States, supra, [343 U.S. 130, 72 S.Ct. 574] the court among other things said:

"The further factual issue whether, under all the surrounding circumstances, petitioner's omission of the $250,000 from his tax return amounted to a willful attempt to evade and defeat the tax is not open

to review here. That issue is settled by the verdict of the jury supported by substantial evidence."

It remains to consider the contention urged by defendant that the court should have granted his motion for judgment of acquittal because the evidence was as consistent with his innocence as with his guilt. That was a question of fact to be determined by the jury on consideration of all the evidence and circumstances in the case. The question was considered and determined by the jury adversely to defendant's contention and the verdict of the jury is sustained by substantial evidence.

The judgment appealed from is therefore affirmed.