**UNITED STATES of America, Appellee,**

v.

**Irving CANTOR, alias Irving B. Cantor, alias Irving Kantor, Defendant-Appellant.**

**No. 53, Docket 23123.**

United States Court of Appeals Second Circuit.

Argued Nov. 5, 1954.

Decided Dec. 1, 1954.

---

Joseph Steiner, New York City, for defendant-appellant.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y. (Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., on the brief), for appellee.

Before CHASE, MEDINA and HINCKS, Circuit Judges.

**PER CURIAM.**

The appellant was tried by jury on an indictment in one count charging him with having violated Section 145(b) of Title 26 U.S.C. by attempting to defeat and evade the payment of income taxes he owed the United States for the calendar year 1945. He was convicted and sentenced to imprisonment for two years and to pay a fine of $5,000. This appeal is from that judgment.

■ The evidence was clearly sufficient to support the verdict and we shall pass at once to the two claimed trial errors on which the appellant relies.

■ The first was in permitting Koppel, an Internal Revenue Agent qualified to compute income taxes, to testify that he had made a computation based upon the figures in evidence which tended to show that under the law applicable to 1945 the taxes which the appellant owed the government for that taxable year were $184,979.31 more than the amount of them when computed on the income as reported by him in the return he filed for that year. This evidence was pertinent and admissible as an aid to the jury in determining for itself whether the appellant had willfully understated his gross receipts in an attempt to evade his taxes as charged. And, since decision as to that was left to the jury on all the evidence, there was no error. Cave v. United States, 8 Cir., 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856; Myres v. United States, 8 Cir., 174 F.2d 329, certiorari denied 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520.

It appears that the appellant had no attorney when the case was called for trial and the court requested Mr. Goldbass, an experienced and competent attorney, to accept an assignment to represent him. The attorney came to court to do that but the appellant made known his desire to try the case himself and before the jury was drawn there was a conference in the chambers of the judge at which the court, the appellant, Mr. Goldbass, and Mr. Leamy, the prose-

**538**

cuting attorney were present. Nevertheless the court did not revoke the assignment of counsel and Mr. Goldbass undertook to give the appellant such assistance as the appellant permitted him to give.

[3, 4] While it is the duty of the court in accordance with Rule 44 Fed. Rules Cr.Proc., 18 U.S.C., to advise a defendant in a criminal case who appears in court without counsel of his right to have an attorney assigned to represent him, if he is unable to obtain counsel, the right of an accused to conduct his own defense without counsel is clear. 28 U.S.C. § 1654. As was said in Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 242, 87 L.Ed. 268, "Essential fairness is lacking if an accused cannot put his case effectively in Court. But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open". See also, Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461, and Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172.

In this instance a middle course was taken in that the appellant was not deprived of his right to act as his own trial lawyer but was, nevertheless, not permitted to try his case without some participation by assigned counsel. Assuming that he declined such assistance "with his eyes open", there was some curtailment of his right to proceed alone, and if any prejudice to the appellant was the result of that the judgment should be reversed. An examination of this record, leaves us convinced that there was none. The only thing which could possibly have prejudiced the appellant was what occurred immediately after the jury had been impaneled and sworn when the following occurred:

"The Court: The record to show that Mr. Goldbass was assigned to aid Mr. Cantor in all available ways.

"All right, you may open the case.

"Mr. Goldbass: The Defendant wishes to conduct his own defense and wishes to address the Jury in opening. I have tried to outline the procedure to be followed. He advises me there are times he wants me to take the more active part in the case. I don't know how that will transpire and how the Court will permit it. As you know, and the Jury should be advised, I have been assigned here without fee—

"The Court: (Interrupting) Yes.

"Mr. Goldbass: The defendant wishes to make his opening remarks and conduct his own defense of cross examination and then ask me to supplement his work, which is a very difficult business."

After that the trial proceeded with the appellant taking the leading part in conducting his own defense and with Mr. Goldbass acting in a comparatively minor role which left the over-all pattern of the defense what the appellant saw fit to make it within the bounds of orderly procedure and without, so far as this record shows, detracting from whatever effectiveness it could have had.

While the fact that assigned counsel would not receive any fee for what he did was not pertinent and so advising the jury is not approved, we cannot perceive how it could have been in any way prejudicial to the appellant and any possible error in the assignment of counsel under the circumstances here shown should be disregarded as harmless. Rule 52(a) F.R.Cr.P.

Judgment affirmed.