UNITED STATES of America, Plaintiff-Appellee,

v.

John C. BRUSWITZ and Edward C. Koenke, Defendants-Appellants.

No. 120, Docket 23257.

United States Court of Appeals, Second Circuit.

Argued Nov. 10, 12, 1954.

Decided Jan. 12, 1955.

Writ of Certiorari Denied April 18, 1955. See 75 S.Ct. 600.

George H. Bailey, Asst. U. S. Atty., New York City (J. Edward Lumbard, U. S. Atty., New York City, on the brief), for United States of America, plaintiff-appellee.

Bruno Schachner, New York City, for defendant-appellant Edward C. Koenke.

Frederick H. Block, New York City, for defendant-appellant John C. Bruswitz.

Before CLARK, Chief Judge, and FRANK and MEDINA, Circuit Judges.

CLARK, Chief Judge.

This is an appeal by John C. Bruswitz and Edward C. Koenke from their conviction of tax fraud under I.R.C. § 145(b). Each was indicted on a separate three-count indictment charging willful attempts to evade federal income taxes by failure to report sums received in 1949, 1950, and 1951 as commercial bribes or kickbacks. A third indictment charged both with conspiracy to commit the same substantive offenses. The indictments were consolidated for trial to a jury which resulted in verdicts and judgments against them on all counts. Each received a sentence of fine and imprisonment on Count I of the substantive indictment against him, involving the 1949 taxes, and a concurrent prison sentence on the conspiracy indictment; while imposition of sentence was suspended on Counts II and III, involving taxes for the years 1950 and 1951. On this appeal they concede, as they did at trial, that in the course of their employment as traffic managers and solicitors of bids for subsidiaries of Bethlehem Steel Company they used their positions to extract personal gains in the form of percentage "commissions" from companies interested in doing business with their employers. They deny, however, that the prosecution has shown or can show a fraudulent, intentional withholding of taxes. Hence they attack the court's charge in its basic holding of law, as well as in certain incidental details, together with various rulings during the trial.

The main argument here of the defendants concerns the taxability of bribes under I.R.C. § 22(a). Relying on C. I. R. v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 549, 90 L.Ed. 752, they urge that bribes closely resemble the proceeds of embezzlement there found nontaxable. It is difficult to perceive what, if anything, is left of the Wilcox holding after Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833, which ruled that moneys received by extortion were within § 22(a). Certainly the whole approach of the later case, stressing actual possession and control, is diametrically opposed to the "claim of right" criterion of the earlier case. The reconciliation evolved by other circuits seems to be that even temporary dominion over illicit gains is sufficient to render them taxable in the hands of the holder thereof. Briggs v. United States, 4 Cir., 214 F.2d 699, certiorari denied 348 U.S. 864, 75 S.Ct. 86; Marienfeld v. United States, 8 Cir., 214 F.2d 632, certiorari denied 348 U.S. 865, 75 S.Ct. 87; Kann v. C. I. R., 3 Cir., 210 F.2d 247, certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109; Rollinger v. United States, 8 Cir., 208 F.2d 109. Although eminently justified by the Rutkin holding, this formulation in effect does what the Supreme Court purported not to do; it overrules the Wilcox case. See Judge Johnsen's concurrence in Marienfeld v. United States, supra, 8 Cir., 214 F.2d 632, 639–640; and Judge Kalodner's dissent in Kann v. C. I. R., supra, 3 Cir., 210 F.2d 247, 253–255.

Nevertheless, the Wilcox case, limited to its facts, is distinguishable here. There a bookkeeper embezzled funds from his employer which he thereafter lost by gambling. The Supreme Court held that these funds were not income within § 22(a) because of the embezzler's continuing obligation to restore these funds to his employer—a liability which would have been subordinated to a government lien had the tax been found appropriate. The situation here is quite different. The N.Y. Penal Law distinguishes between embezzlement and

**62**

commercial bribes, only the former requiring the actual taking or withholding of money or property from the true owner. Compare N.Y. Penal Law §§ 1290 and 439, McK.Consol.Laws, c. 88. That distinction is particularly relevant to the facts before us, since there is no indication that the kickbacks resulted in any loss to defendants' employers. While a presumption of such loss may be a sufficient basis on which to predicate a liability to the employers under state law, see Donemar, Inc., v. Molloy, 252 N.Y. 360, 169 N.E. 610, it is not sufficient to override the paramount interest of the government in assessing income taxes on the basis of beneficial enjoyment and control. See National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93.

Defendants next argue that a significant part of the income from the bribes was not received by them individually in such a way as to render them taxable or subject to criminal prosecution therefor. In the year 1951—the year covered by Count III of the indictment, one of the counts upon which imposition of sentence was suspended— Bruswitz and Koenke, who previously had received their "commissions" personally and in cash, set up a variety of corporations to bill and receive payments for the services rendered. These new arrangements were necessitated by demands on the part of the payor corporations that they be allowed to regularize their accounting on these transactions. They contend that, since the corporations which they set up paid corporate income taxes, they themselves were not liable for personal taxes on the same amounts, except as they were filtered through as dividends. The prosecution characterized these corporations as mere conduits for the receipt of income earned by, and hence taxable to, appellants. C. I. R. v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406; Paymer v. C. I. R., 2 Cir., 150 F.2d 334; C. I. R. v. Smith, 2 Cir., 136 F.2d 556. There was sufficient evidence to support such a characterization to make the question one for the jury under appropriate instructions.

Defendants do contest the validity of the charge in reference to their criminal intent in setting up the corporations, arguing that the judge did not sufficiently stress that the payment of taxes by the corporations was evidence of lack of willful tax evasion. This argument is clearly an afterthought, since no coherent exception to the charge on this ground was taken at the time of the trial. Defendants now focus on this earlier statement in the charge when the judge was discussing whether or not income of their corporations was attributable to them personally. The judge then said: "If you find beyond a reasonable doubt that the corporations were organized and created solely and only as conduits for the receipt of moneys payable to the defendants * * *, then you may treat the moneys paid to the corporations as income to the individual defendants. *This is without regard as to whether or not the corporation paid the taxes on such income as it may have declared.*" (Italics supplied.) The emphasis on the irrelevance of corporate tax payments in deciding what payments constituted income, it is contended, carries over and corrupts the later discussion of intent. Counsel, however, failed to make this objection after delivery of the charge when the trial judge could readily have supplied the redistribution of emphasis which they now desire.

On the merits, it is to be said that the judge clearly indicated in the charge as given that he was discussing income and intent separately, and that positive findings on both were required for a finding of guilt. It is not reasonably to be concluded that his entirely proper and complete charge on intent was nullified by his entirely proper and complete, though distinct, earlier charge on the substantive facts. In the instructions on intent the jury was told that defendants were entitled to acquittal if

they had, in good faith, believed that their tax liability was being elsewhere discharged. The judge's failure to single out the particular piece of evidence on intent which the defendants stress was thus neither error nor prejudicial, regardless of the other evidence which he mentioned. See United States v. Goldstein, 2 Cir., 120 F.2d 485, affirmed Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312.

■ It is to be noted further that, since they received no sentence on the count involving the 1951 taxes, defendants will achieve nothing of practical value unless they can secure reversal of the other convictions and in actual fact of the one conviction involving the 1949 tax. But defendants do claim that the alleged error would also vitiate this conviction because, according to their theory, it deprived them of their defense on willfullness that use of the corporate device was not for tax economies, but was for the admitted, though not here accused, impropriety of concealing their wrongdoing from their employers. Further, they say, evidence as to their intent in 1951 would have a bearing on their intent in 1949. But actually the judge's charge did cover this point, since he authorized the jury to "consider that these transactions clashed with the defendants' duties to their employers as showing that they had a motive to conceal the transactions wholly apart from the motive to deprive the government of revenue." This was in any event adequate to cover the point and to make unnecessary reversal for future exploration of it because of fear lest the jury may have overlooked this motive for concealment. Surely we should not assume such a lack of intelligence upon the part of the jurors as is needed to conclude that they must have disregarded both the orderly sequence and division of the judge's charge, as discussed above, and also the direction to evaluate the defendants' own proffered excuse.

■ None of the other assigned errors, largely concerned with the admissibility of evidence, merit more than passing comment. The challenged testimony of Kovner, Kelly, and Jones was admissible in the discretion of the trial judge, and was not unduly prejudicial to defendants. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; United States v. Cantor, 2 Cir., 217 F.2d 536; United States v. Petrone, 2 Cir., 185 F.2d 334, certiorari denied 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672; Wolin v. United States, 4 Cir., 211 F.2d 770, certiorari denied 348 U.S. 819, 75 S.Ct. 30. There was no evidence that the allegedly perjured testimony of Bouchard and Ranne was known as such to the prosecution. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Tilghman v. Hunter, 10 Cir., 167 F.2d 661. Bouchard's testimony on the stand supplemented rather than contradicted the testimony he had given before the grand jury, and did not require the production of the grand jury minutes. The judge did not exceed the bounds of his discretion in limiting the cross-examination of some of the prosecution's witnesses. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L. Ed. 843; United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied Rosenberg v. United States, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687; United States v. Quinn, 2 Cir., 124 F.2d 378.

Convictions affirmed.

FRANK, Circuit Judge, concurring:

I concur in the result and in all of the court's opinion except that I do not agree to what would be the effect upon convictions for previous years if we were to reverse the conviction for 1951 because of the charge in regard to intent. I am reluctant to concur on that point which I think we should not and need not discuss, because we have concluded there is no basis for reversing the conviction for 1951.