**J. J. DIX, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**ESTATE of Jacob J. DIX, Deceased, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Nos. 23-24, Docket 22989-22990.

United States Court of Appeals Second Circuit.

Argued April 21, 1955.

Decided June 2, 1955.

Bernard Weiss, New York City, for petitioners.

H. Brian Holland, Ellis N. Slack, A. F. Prescott and S. Dee Hanson, Washington, D. C., for respondent.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

The facts and rulings of the Tax Court are set forth in the opinion of Judge Van Fossan, reported unofficially in 12 T.C.M. 536.

## I. The Corporate Taxpayer's Appeal

The Tax Court found that the corporate taxpayer, during the years 1938 through 1944, realized net taxable income amounting to $62,054.23 in excess of the amounts recorded on its books and reported on its tax returns filed for those years. It is undisputed that the corporation during the above period realized from its sales the sum of $196,-870.60 which was secretly deposited in two banks, and that the amounts so received were not recorded on its books or included in gross receipts on its tax re-

turns. The Commissioner, in determining the deficiencies, increased the corporation's annual sales income, by that amount, without allowing a deduction, because it was not recorded on the corporation's books as required by Sections 41 and 54(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 41, 54(a).

The Tax Court found, and taxpayer conceded, that the corporate gross income had been understated in the total sum of $196,870.60. It found further, however, that the corporation was entitled to deductions aggregating $134,816.37, and therefore that its taxable income had been fraudulently understated and unreported in the remaining sum of $62,054.23, redetermining the deficiencies and fraud penalties accordingly.

■ Taxpayer contends that the corporation is entitled, in addition to the deductions allowed by the Tax Court, to further deductions exceeding $62,000 as follows: (a) overceiling payments of approximately $25,000 purportedly made in behalf of the corporation by its president, Jacob Dix, to black market wastepaper dealers; (b) overceiling wages totalling about $28,800 allegedly paid in cash by Jacob to the corporation's production employees; (c) approximately $3,000 paid by Jacob as commissions over and above the total amount thereof ($20,000) allowed by the Tax Court; and (d) overceiling extra salaries of $5,317.41 allegedly paid to the corporation's office and factory employees by vice-president Monroe Dix. The Tax Court, for failure of proof, denied the deduction of these additional items, and the taxpayers assert that this is error.

We think the Tax Court's decision correct. Judge Van Fossan's opinion, analyzing in detail the taxpayer's evidence, shows that taxpayer did not discharge its proof-burden. And its proof left the matter so vague and conjectural as to render it impossible, as the Tax Court held, to apply the doctrine of Cohan v. Commissioner, 2 Cir., 39 F.2d 540.

■ Taxpayer contends, alternatively, that the sum of $56,736.82, out of the total unreported sales proceeds, represents corporate funds misappropriated by Jacob, and therefore the corporation is entitled to deduction of this sum as a loss sustained during the years 1938 through 1945, under Section 23(f) of the 1939 Code, 26 U.S.C.A. § 23(f). The Tax Court found, we think correctly, that the taxpayer did not show the amount of the misappropriation or the years in which misappropriations occurred. It said: "No basis exists in the evidence to make an estimation of the amount of money improperly taken by Jacob. For this reason, the deductions for any losses sustained as a result of misappropriated funds must be denied the corporation." Moreover, there was no proof that the corporation will not recover from Jacob's estate whatever amounts he did misappropriate.

■ The evidence, and entirely reasonable inferences drawn from the evidence, demonstrate that the Commissioner discharged the burden of establishing fraud by clear and convincing evidence of wilful intent to evade taxation, and that therefore the imposition of 50% fraud penalties was justified. Because of the fraud, the statute of limitations was inoperative.

■ The adjustment of income for the several taxable years caused over-assessments of excess profits for other years. Taxpayer contends that it is entitled, as an equitable setoff against deficiencies, to refunds of such over-assessments, although such refunds are barred by the statute of limitations. We do not agree. See Babcock & Wilcox Co. v. Pedrick, 2 Cir., 212 F.2d 645, 648–649.

## II. *The Estate of Jacob J. Dix*

■ The Tax Court held that Jacob Dix realized taxable income of $56,736.82, i. e., the amount of corporate funds he misappropriated. We think this was error. Jacob withdrew those moneys from the corporate bank accounts with-

out the consent, coerced or otherwise, of the company. That he was the president did not amount to corporate consent. We have here a simple case of embezzlement, not one involving a receipt under any color of right. Accordingly, we think Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, governs, and that Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833, does not apply. We do not believe that Rutkin completely obliterated Wilcox. "Since the court in Commissioner of Internal Revenue v. Wilcox flatly held that embezzled funds were not taxable income to the embezzler and in the Rutkin case has unequivocally held that extorted funds were taxable income to the extortionist, the line of demarcation lies between those rather closely related factual situations and must be determined by the facts in the individual case." Marienfeld v. United States, 8 Cir., 214 F.2d 632, 637. In the instant case, the facts are close to those of Wilcox, and lack the distinguishing features found in United States v. Bruswitz, 2 Cir., 219 F.2d 59, and cases there cited. See also the dissent of Judge Kalodner in Kann v. Commissioner, 3 Cir., 210 F.2d 247, 253.

Affirmed as to J. J. Dix, Inc.; reversed as to Estate of Jacob J. Dix.

HINCKS, Circuit Judge (dissenting in part).

Although I concur in the holding of the court in so far as it affirms the decision below, I am unable to join in the partial reversal. I share the difficulty which this court had in United States v. Bruswitz, 2 Cir., 219 F.2d 59, in distinguishing the rationale of Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, from that of Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833. But having in mind the findings below—well supported by the record—that Jacob Dix, who dominated the corporate taxpayer, a family corporation, by deceiving his son, who was the only other responsible corporate executive, fraudulently

withheld the entry of corporate receipts from the corporate books and utilized his authorized power to draw on corporate bank accounts by diverting funds to his own personal use, I think the facts here are stronger against the taxpayer than in Wilcox and come within the rationale of the Rutkin Case. Cf. Kann v. Commissioner, 3 Cir., 210 F.2d 247, and Marienfeld v. United States, 8 Cir., 214 F.2d 632. And if such facts are not enough to distinguish the case here from Wilcox, I think the court below was right in following the later pronouncement of the Supreme Court.