Raymond J. Mears, a/k/a R. J. Mears v. Commissioner. Raymond J. Mears, a/k/a R. J. Mears, and Carol Mears v. Commissioner. Cecil E. Loy and Grayce M. Loy v. Commissioner. Raymond J. Mears, a/k/a R. J. Mears v. Commissioner.
Mears v. Commissioner
Docket Nos. 2561-64 - 2564-64. *
United States Tax Court
T.C. Memo 1966-173; 1966 Tax Ct. Memo LEXIS 110; 25 T.C.M. (CCH) 909; T.C.M. (RIA) 66173; July 22, 1966
*110 Held, that the petitioners have failed to show error in the respondent's disallowance of portions of deductions claimed by their partnership as advertising, promotion, and travel and entertainment expenses and portions of deductions claimed by the partnership as depreciation allowances, and the respondent's determination that the sale by the partnership of certain cattle constituted ordinary income. Held, further, that the petitioner Mears has failed to show error in the respondent's disallowance of deductions claimed by him in the taxable year 1962 as charitable contributions, taxes, and unreimbursed travel expenses. Held, further, that the petitioners have not shown error in the respondent's determination that they are liable for additions to tax under section 6653(a) of the Internal Revenue Code of 1954 for the taxable years 1959 and 1960. *111 Raymond J. Mears, North Miami, Fla., pro se, and Cecil E. Loy, pro se. Vernon J. Owens, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax against the petitioner Raymond J. Mears for the taxable years 1959 and 1962 in the respective amounts of $19,212.63 and $92, and an addition to tax for the taxable year 1959 in the amount of $960.63; a deficiency in income tax against the petitioners Raymond J. and Carol Mears for the taxable year 1960 in the amount of $21,054.98 and an addition to tax for that year of *112 $1,052.72; and deficiencies in income tax against the petitioners Cecil E. and Grayce M. Loy for the taxable years 1959 and 1960 in the respective amounts of $20,884.97 and $21,054.49, and additions to tax for those years in the respective amounts of $1,044.25 and $1,052.72. All of the additions to the tax were pursuant to section 6653(a) of the Internal Revenue Code of 1954. The issues presented are whether the respondent erred: in disallowing as deductions portions of amounts claimed by a partnership in its returns for its fiscal years ended September 30, 1959, 1960, and 1962 as travel, entertainment, advertising, and promotion expenses and portions of amounts claimed by it for 1959 and 1960 on account of depreciation; in treating the gain from certain cattle sales by the partnership in its taxable year 1962 as ordinary income rather than capital gain; in disallowing as deductions certain amounts claimed by the petitioner Raymond J. Mears for the taxable year 1962 as charitable contributions, taxes, and travel expenses; and in determining that the individual petitioners are liable for additions to tax for the taxable years 1959 and 1960, pursuant to section 6653(a) of the Internal Revenue Code *113 of 1954, on account of negligence or intentional disregard of rules and regulations. Findings of Fact Some of the facts have been stipulated and the stipulations are incorporated herein by this reference. For the taxable years 1959 and 1962 the petitioner Raymond J. Mears filed his Federal income tax returns with the district director of internal revenue, Jacksonville, Florida. For the taxable year 1960 he and his then wife Carol filed a joint Federal income tax return with such director. For the taxable years 1959 and 1960 the petitioners Cecil E. Loy and his wife, Grayce M. Loy, filed joint Federal income tax returns with the district director of internal revenue, Jacksonville, Florida. Cecil E. Loy and Raymond J. Mears will hereinafter be referred to as the petitioners, their wives being parties herein merely because of having filed joint returns with their husbands. During the years in question the petitioners were equal partners in the M. B. Construction Company (hereinafter referred to as "the partnership"), the principal office of which was in the vicinity of Miami, Florida. Its principal business was the installation of water lines, sewer lines, and similar installations *114 for public utilities. In connection with these activities the petitioner Mears traveled to and from various job sites within the state of Florida, and on occasions purchased meals for various salesmen, engineers, construction supervisors, employees, and city officials. The partnership also operated a ranch in DeSoto, Volusia, and Broward Counties, Florida. The partnership kept its books and filed its returns on the basis of a fiscal year ended September 30. In its returns for its taxable years ended September 30, 1959, 1960, and 1962 the partnership reported gross receipts in the respective amounts of $775,564.59, $860,228.51, and $832,238.02. The following tabulation shows amounts claimed as deductions by the partnership in its returns for its taxable years ended September 30, 1959, 1960, and 1962, and the amounts thereof disallowed by the respondent: Taxable Years Ended September 30
Amount
Disallowed
by the
1959
1960
1962
Respondent
Advertising
$ 4,440.00
$ 4,000.00
Promotion-Business
35,664.27
33,312.00
Travel & Entertainment
6,805.75
3,875.00
Promotion
$35,712.79
32,854.99
Advertising & Promotion
$4,387.90
2,700.00
*115 The above amounts which the respondent disallowed were determined by him to constitute the aggregate of numerous checks drawn by the partnership on its bank account and made payable either to "Cash" or to Cecil E. Loy and charged to the various expense accounts listed above. In the notice of deficiency the respondent stated that it had not been established that the amounts disallowed constituted ordinary and necessary business expenses or that they were expended for the purposes designated, and he increased the distributive share of partnership income of each of the petitioners by 50% of such disallowed amounts. In its returns for its taxable years ended September 30, 1959 and 1960 the partnership claimed as deductions depreciation allowances on certain equipment used in the partnership business, based upon an estimated useful life of two years. The respondent determined that the deductions should have been computed by using an estimated useful life of four years for such equipment, and he therefore reduced the claimed deductions by the respective amounts of $11,438.22 and $28,089.64, and increased the distributive share of partnership income of each of the petitioners by 50% of *116 such amounts. In its return for the taxable year ended September 30, 1962, the partnership reported long-term capital gain in the amount of $52,635.59 from the sale of cattle. With respect to the cattle sales its books and records contained, among other entries, under date of March 31, 1962, a debit of $1,800 and a credit of $15,292.68 to "cattle sales of 1961 calves." In the notices of deficiency the respondent increased partnership ordinary income by the amount of $13,492.68 (the net credit entry above) and decreased the long-term capital gain reported by the partnershipp in the amount of $6,746.34, stating: It is determined that the part of the gain realized by you from the sale of cattle in the amount of $13,492.68 is taxable as ordinary income (rather than as capital gain reported on your income tax return). As a result of this determination the respondent increased the petitioner Mears' distributive share of partnership ordinary income by $6,746.34 and correspondingly decreased his distributive share of partnership long-term capital gain. In his return for the taxable year 1962, the petitioner Mears claimed as deductions an amount of $10,000 as unreimbursed travel expense, *117 an amount of $100 as charitable contributions, and an amount of $95 as state and local sales taxes paid. In the notice of deficiency the respondent disallowed the claimed $10,000 deduction, stating that it had not been established that such amount constituted an ordinary and necessary business expense or that it was expended for the purpose designated. He also disallowed the claimed deductions of $100 and $95, stating that petitioner had not established that he was entitled thereto, and computed the tax under the statutory tax table. In the notices of deficiency the respondent, in determining the additions to tax under section 6653(a), stated that parts of the underpayments of tax for the taxable years 1959 and 1960 were due to negligence or intentional disregard of rules and regulations. Opinion The respondent's determinations are presumptively correct and the burden of proof is upon the petitioners to show error therein. Welch v. Helvering, 290 U.S. 111. And it has been held that the burden is upon the taxpayer to establish its right to deductions claimed and the amounts thereof. Burnet v. Houston, 283 U.S. 223 and New Colonial Ice Co. v. Helvering, 292 U.S. 435. *118 The petitioners contend that the respondent's determinations were arbitrary and excessive and that such determinations therefore should not be sustained, citing Helvering v. Taylor, 293 U.S. 507. In particular the petitioners contend that the respondent's action in allowing only relatively small portions of the amounts claimed by the partnership for advertising, promotion, and travel and entertainment is unreasonable in view of the amount of business done by the partnership, pointing out that the partnership reported gross receipts for its taxable years ended September 30, 1959, 1960, and 1962 in the respective amounts of about $775,000, $860,000 and $832,000. In Helvering v. Taylor, supra, the Supreme Court pointed out that unquestionably the burden of proof is on the taxpayer to show that the respondent's determination is invalid, but that where the taxpayer's evidence shows the Commissioner's determination to be arbitrary and excessive, it may not reasonably be held that the taxpayer is bound to show the correct amount of tax. The principle of Helvering v. Taylor does not aid the petitioners here. The amounts which the respondent disallowed as deductions *119 for advertising, promotion, and travel and entertainment were represented by numerous checks drawn to cash and to the petitioner Loy. The petitioners claim that these checks were cashed and the proceeds spent for the purposes claimed. The only witness who testified was the petitioner Mears. The substance of his testimony was that Loy cashed the checks and furnished the proceeds to him, and that the amounts were spent for the purposes claimed. However, his testimony was general in nature, and no details as to amounts spent for various purposes were shown. The testimony presented amounts to no more than a conclusion of the witness and is insufficient to overcome the presumptive correctness of the respondent's determinations. As we stated in Louis Halle, 7 T.C. 245, affd. (C.A. 2) 175 F. 2d 500, certiorari denied 338 U.S. 949: This Court can not disturb the Commissioner's determination of deficiencies merely upon testimony by the petitioner that his returns as filed were correct. To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return. * * * Under these *120 circumstances we would not be justified in making any estimates under the doctrine of Cohan v. Commissioner, (C.A. 2) 39 F. 2d 540. Upon the basis of this record any relief which we might give to the petitioners would be "unguided largesse." Williams v. United States, (C.A. 5) 245 F. 2d 559. See also J. J. Dix, Inc. v. Commissioner, (C.A. 2) 223 F. 2d 436, affirming on this issue a Memorandum Opinion of this Court. It follows that the petitioners have not shown that the respondent's determinations in this respect were arbitrary or excessive, and such determinations are approved. See Jacob D. Farber, 43 T.C. 407; Joseph V. Moriarty, 18 T.C. 327, affd. (C.A.D.C.) 208 F. 2d 43; and Estate of Henry Wilson, 2 T.C. 1059. Likewise, for reasons appearing infra, we must conclude that the petitioners have not shown that any of the other determinations of the respondent were arbitrary or excessive. The respondent's disallowance of portions of the deductions claimed by the partnership as depreciation allowances with respect to certain equipment was based upon the ground that the useful life of the equipment *121 was four years rather than two, as claimed by the partnership. No evidence whatever was presented with respect to the useful life of this equipment and we have no choice but to approve the respondent's determination upon this issue. The petitioner Mears testified that the partnership purchased the equipment on the basis of deferred payments running over a 2-year period, and on brief the petitioners argue that as installment payments were made they constituted deductible ordinary and necessary business expenses under section 162 of the Code. This argument has no merit. The general rule is that the cost of acquisition of equipment having a useful life substantially beyond the taxable year is a capital expenditure rather than a deductible expense. See Hotel Kingkade v. Commissioner, (C.A. 10) 180 F. 2d 310, affirming 12 T.C. 561, and section 1.263(a)-2 of the Income Tax Regulations.
Another issue is whether the respondent properly treated the gain from the sale of certain cattle by the partnership as ordinary income rather than as long-term capital gain. Section 1231(b)(3) of the Code provides that livestock held by a taxpayer for *122 draft, breeding, or dairy purposes, and held by him for 12 months or more from the date of acquisition, constitutes property used in the trade or business. Under section 1231 the sale or exchange of such livestock is to be treated as the sale or exchange of a capital asset held for more than six months. On brief the respondent contends that the sale of the cattle in question does not qualify for capital gain treatment because the cattle had not been held for 12 months or more at the date of sale. Mears' testimony was merely to the effect that the accountant employed by the partnership would not have reported the gain as long-term capital gain if such treatment were not warranted. He testified that he was unable to state when such cattle were born or how old they were when they were sold. Under the circumstances, we must conclude that the petitioners have failed to meet their burden of proving that the gain from the sale of the cattle in issue constitutes long-term capital gain. See Watab Paper Co., 27 B.T.A. 488, affd. (C.A. 8) 68 F. 2d 998, and Louis Halle, supra.
The next issue is whether the respondent properly disallowed deductions claimed *123 by the petitioner Mears in his return for the taxable year 1962 for charitable contributions, taxes and unreimbursed travel expenses in the respective amounts of $100, $95, and $10,000. Here again no detailed evidence was submitted, Mears merely testifying that the amounts claimed were accurate and true. As stated above, such evidence standing alone is insufficient to overcome the presumptive correctness of the respondent's determination. Louis Halle, supra.Accordingly, we approve the respondent's disallowance of these claimed deductions. The respondent also determined and contends that the petitioners are liable for additions to tax for the taxable years 1959 and 1960 under section 6653(a) of the Code [1] on account of negligence or intentional disregard of rules and regulations. On brief he states that the petitioners failed to maintain adequate records for the years 1959 and 1960. The burden of proof is upon the petitioners to show that the respondent was in error in determining that they are liable for such additions to tax. Byron H. Farwell, 35 T.C. 454; David Courtney, 28 T.C. 658; J.T.S. Brown's Son Co., 10 T.C. 840; and *124 Gibbs & Hudson, Inc., 35 B.T.A. 205. While in their pleadings the petitioners allege that the books and records were properly kept, they introduced no evidence to show the type or adequacy of any books or records maintained for 1959 and 1960. The petitioners have therefore failed to sustain their burden of proof and we are constrained to approve the respondent's determination that they are liable for additions to tax under section 6653(a) of the Code. Decisions will be entered for the respondent. Footnotes
1. Section 6653(a) provides:
If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩